■ MARIO SOSA, Respondent, v JOYCE BEVERAGES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. METRO CONTAINERS, INC., et al., Third-Party Defendants-Appellants.— Order, Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered January 29, 1987, granting a motion by the third-party plaintiffs-respondents for reargument of a prior motion in which respondents had sought to amend their third-party complaint to add three additional causes of action, and on reargument granting their motion for leave to amend the third-party complaint, and denying a cross motion by plaintiff for severance of the third-party action in the event the court granted leave to amend, unanimously modified, on the law, with costs, and the motion to amend the third-party complaint to add three causes of action is denied, and otherwise affirmed.

The main action was commenced on March 21, 1982 by plaintiff to recover damages for personal injuries sustained when a bottle containing a carbonated beverage exploded on February 14, 1980. The action was brought against the respondents Joyce Beverages, Inc. and Seven-Up Bottling Company of New York, alleging that these defendants manufactured and distributed the beverage.

In March 1984 the respondents served a third-party summons and complaint on the three third-party defendants (appellants), all manufacturers of glass bottles. Seven causes of action for contribution and indemnification were asserted, all predicated on the claim that the glass bottle in question had been improperly designed and manufactured by one of the appellants, which had in turn sold it to the respondents. The seven causes of action for contribution and indemnification embraced claims alleging strict products liability, express warranty, implied warranty, negligence, contractual indemnification, common-law indemnification and contribution.

After each of the third-party defendants answered the third-party complaint, there followed full discovery, including examinations before trial of all parties.

By notice of motion dated October 16, 1985 the respondents moved for leave to amend the third-party complaint, the motion being supported only by an affirmation of a lawyer from the law firm representing the respondents. The motion sought leave to add three causes of action as follows:

(1) The proposed eighth cause of action alleged that each third-party defendant "acted in a tortious manner in the operation, management, control, direction and supervision of the manufacture of the subject bottle".

(2) The proposed ninth cause of action alleged that each third-party defendant "acted in pursuance of a common plan or design to commit a tortious act in the operation, management, control, direction and supervision of the manufacture of the subject bottle".

(3) The proposed tenth cause of action alleged that each third-party defendant "acted in a tortious manner in adhering to a dangerous industry wide safety standard in their management, control, direction and supervision of the subject bottle."

The appellants moved to dismiss on varied grounds, including the claim that no affidavit had been submitted from anyone with knowledge of the facts to support the proposed additional claims. The motion to amend was denied in an order dated July 18, 1986, without prejudice to renewal upon proper papers.

The motion for leave to amend was renewed by notice of motion in September 1986, once again supported only by an attorney's affidavit. The I.A.S. court granted the motion for renewal, and upon renewal, the motion to amend, in an order from which this appeal is taken. We disagree with the order granting the motion to amend, and accordingly, modify the order appealed from to deny that motion.

What becomes apparent from an examination of the record is that the third-party plaintiffs were unable to determine either from their own records or from the third-party defendants in the course of discovery the identity of the company from whom the third-party plaintiffs had purchased the bottle whose explosion had given rise to the action. The several causes of action sought to be added to the third-party complaint on the motion to amend clearly represent an effort to assert a claim against each of the appellants, notwithstanding the inability of the respondents to identify the company from which they had acquired the bottle.

As to the eighth cause of action, alleging that each appellant "acted in a tortious manner", the cause of action is either

duplicative of one or more of the causes of action set forth in the original third-party complaint, or represents an effort to set forth a novel theory of liability previously unknown to the law. In either event, no basis for amending the third-party complaint to add this cause of action appears.

The proposed ninth cause of action, alleging that each third-party defendant "acted in pursuance of a common plan or design to commit a tortious act", quite clearly represents an effort to apply to the facts here the theory of concerted action as a basis for liability recognized by this court under the unusual circumstances of a DES case in *Bichler v Lilly & Co.* (79 AD2d 317, *affd* 55 NY2d 571). In affirming this court's decision in *Bichler v Lilly & Co. (supra)*, the Court of Appeals concluded that the issue of concerted action as a basis for liability had not been preserved for its review in that case.

We think it unnecessary to determine here whether the theory of concert of action approved by this court in *Bichler (supra)* is applicable to the very different kind of factual situation presented here. It suffices to note that the affidavit presented in support of the proposed cause of action sets forth no facts whatever tending to establish that the third-party defendants had in fact acted in pursuance of a common design in the manufacture of bottles which they sold to the third-party plaintiffs. Accordingly, the affidavit submitted in support of the motion to amend is clearly insufficient as an affidavit of merit. *(See, Beekman v Sylvan Lawrence, Inc.,* 111 AD2d 658.)

Moreover, it is apparent that the third-party plaintiffs were unable in the course of their extensive discovery to develop any facts to sustain the proposed cause of action.

Finally, the proposed tenth cause of action asserting that each third-party defendant acted in a tortious manner in adhering to a dangerous industry-wide safety standard is both legally insufficient as worded to set forth a recognized basis for liability, and is also wholly unsupported by any factual demonstration. Concur—Sandler, J. P., Carro, Kassal, Ellerin and Smith, JJ.