■ JOSEPH HAKIM et al., Respondents, v ARMSTRONG RUBBER Co. et al., Appellants. (And a Third-Party Action.)■

This is a negligence action, *inter alia*, to recover damages for personal injuries sustained by the plaintiff Joseph Hakim when the forklift tire he had just finished changing exploded, causing the rim of the tire to break in two parts. Hakim alleges that Armstrong Rubber Company (hereinafter Armstrong) negligently designed and manufactured the "Armstrong Bearcat" tire which exploded, that Firestone Tire & Rubber Company (hereinafter Firestone) negligently designed and manufactured the wheel rim which broke into two pieces, and that the defendant Clark Equipment Company negligently manufactured and failed to inspect the forklift upon which the tire was placed immediately prior to the explosion. In his examination before trial, Joseph Hakim indicated that the wheel rim was steel, and that the letters "FIR" and several raised numbers were cut into it.

In support of its motion for summary judgment, Armstrong submitted proof in evidentiary form which established that it is one of several companies which manufactures tires for Bearcat Tire Company (hereinafter Bearcat), and that the tires it manufactures do not bear the name Armstrong or "Armstrong Bearcat". Specifically, Armstrong submitted blueprints of the molds of the tires it manufactured for Bearcat,

and the affidavit of the director of tire engineering attesting to the fact that the name "ARMSTRONG" does not appear on the tires manufactured for Bearcat. Accordingly, Armstrong concluded it did not manufacture the tire involved in the instant accident. Similarly, in support of its motion, Firestone submitted the affidavit of its senior engineer in product analysis, who averred that Firestone has never manufactured a cast rim for use on a forklift, nor has it made a rim for use on a forklift with raised letters or markings of any kind. Clearly, based upon the evidentiary proof proffered, Armstrong and Firestone established prima facie their entitlement to summary judgment and it became incumbent upon Hakim to rebut their claims. Although five years of discovery preceded the summary judgment motions, Hakim's opposition thereto consisted only of his own affidavit in which he merely reiterated the fact that the tire involved bore the name "Armstrong Bearcat", and stated that a co-worker had told him that Firestone manufactured the wheel rims for the forklifts used by them. Under the circumstances, and in light of the evidentiary proof submitted by Armstrong and Firestone, Hakim's bare allegations and hearsay statements were insufficient to defeat the motions of Armstrong and Firestone *(see, Kennerly v Campbell Chain Co.,* 133 AD2d 669).

In contrast, in support of its motion for summary judgment, the defendant Clark Equipment Company (hereinafter Clark) failed to offer any evidence tending to establish its lack of involvement in the manufacture or inspection of the forklift which was involved in the accident. Thus, Clark failed to establish its entitlement to summary judgment, and its motion seeking that relief was properly denied *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851). Mollen, P J., Brown, Kooper and Miller, JJ., concur.