■ MARIO SOSA, Respondent, v JOYCE BEVERAGES, INC., et al., Respondents and Third-Party Plaintiffs-Respondents. METRO CONTAINERS, INC., et al., Third-Party Defendants-Appellants; GLENSHAW GLASS COMPANY, INC., et al., Third-Party Defendants-Respondents.—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered on July 7, 1989, which, *inter alia,* denied the motion by third-party defendant Ball Glass Container Group for summary judgment dismissing the third-party complaint as against it, is unanimously modified, on the law, to grant said motion, and otherwise affirmed, without costs or disbursements.

Plaintiff commenced this action against defendants and third-party plaintiffs Joyce Beverages, Inc., Seven-Up Bottling Company of New York, Inc., and Joyce Beverages of New York, Inc., seeking damages for personal injuries allegedly sustained when a bottle containing a carbonated beverage exploded and struck plaintiff in the eye.

Subsequently, defendants commenced a third-party action against third-party defendants Metro Containers, Inc., Ball Glass Containers Group, Glenshaw Glass Company, Inc., and Owen-Illinois, all manufacturers of glass bottles, asserting that the glass bottle in question had been improperly designed and manufactured by one of the third-party defendants.

In *Sosa v Joyce Beverages* (138 AD2d 256, 258), we held, *inter alia,* that a proposed amendment seeking to add a cause of action that each third-party defendant " 'acted in pursuance of a common plan or design to commit a tortious act' " was an attempt to apply the theory of "concerted action" as a basis for liability *(Bichler v Lilly & Co.,* 79 AD2d 317, *affd* 55 NY2d 571) and was insufficient, since an affidavit in support of such amendment set forth no facts whatever tending to establish that the third-party defendants had, in fact, acted in pursuit of a common design and defendant and third-party plaintiffs were unable to develop any such facts in the course of extensive discovery.

Thereafter, the Supreme Court granted summary judgment dismissing the third-party complaint as against third-party defendants Metro Containers, Inc., Glenshaw Glass Company, Inc., and Owen-Illinois, but denied such relief as to third-party defendant Ball Glass Container Group, which, subsequent to the date of the accident, had merged with third-party defendant Metro Containers, Inc.

A review of the record here reveals that the defendants and third-party plaintiffs have been unable, despite extensive discovery, to identify the manufacturer of the bottle which allegedly injured the plaintiff, from the fragment in existence *(see, Sosa v Joyce Beverages, supra,* at 257).

Nevertheless, third-party plaintiffs sought contribution and indemnification from remaining third-party defendant Ball Glass Container Group, alleging that since third-party defendant Ball Glass was the last of the codefendants to ship empty bottles to third-party plaintiff Joyce's bottling plant prior to plaintiff's accident, the bottle which exploded must have been manufactured by third-party defendant Ball Glass. Third-party plaintiff Joyce Beverages, Inc. asserted that an invoice

and receipt document of a delivery of empty glass bottles from third-party defendant Metro Containers, Inc. and Ball Glass, now merged, to Joyce, dated January 24, 1980, some 22 days prior to plaintiff's accident, furnished the circumstantial inference that the bottle which exploded was, in fact, manufactured by Ball Glass.

However, by Joyce's own admission, the third-party plaintiffs did not segregate bottles by manufacturer or in any other manner. In addition, the record shows that third-party plaintiff Joyce Beverages, Inc. received greater shipments of empty glass bottles from third-party defendants Glenshaw Glass Company, Inc. and Owen-Illinois, respectively, only 20 and 18 days prior to the Ball Glass delivery.

As defendants and third-party plaintiffs correctly contend, circumstantial evidence may be utilized to prove the elements of a products liability case and to oppose a motion for summary judgment *(Codling v Paglia,* 32 NY2d 330). However, a motion for summary judgment may not be defeated merely by surmise, conjecture or suspicion, nor bald conclusory allegations *(see, McGahee v Kennedy,* 48 NY2d 832). "Circumstantial evidence is evidence of a collateral fact, that is of a fact other than a fact in issue, from which, either alone or with other collateral facts, the fact in issue may be inferred" (Richardson, Evidence § 145, at 116 [Prince 10th ed]). "In order to prove a fact by circumstances, there must be positive proof of some fact which does not itself directly establish the fact in dispute, but which affords a reasonable inference of its existence. The fact upon which it is sought to base an inference must be shown and not left to rest in conjecture. If and when the fact is shown, it must then appear that the inference drawn is the only one that is fair and reasonable". *(Matter of Ridings v Vaccarello,* 55 AD2d 650, 651.)

Here, the third-party plaintiffs failed to present evidence leading to the reasonable inference that third-party defendant Ball Glass manufactured the particular bottle in question *(see, Assing v United Rubber Supply Co.,* 126 AD2d 590; *Smith v Johnson Prods. Co.,* 95 AD2d 675). Concur—Kupferman, J. P., Carro, Asch, Kassal and Smith, JJ.