■ JAMES TAYLOR, Respondent, v GENERAL BATTERY CORPORATION, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Travers, J.), entered February 14, 1991 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover for damages allegedly sustained as the result of the explosion of an automobile battery manufactured by defendant. Defendant moved for

summary judgment dismissing the complaint upon the ground that, although plaintiff produced a battery manufactured by defendant, he cannot establish that it is the same battery which exploded and injured him. Supreme Court denied the motion and defendant appeals.

We affirm. The accident occurred when plaintiff attempted to use a truck owned by Stanley Arnold, Jr. to "jump-start" another vehicle at Hank's Park Restaurant, and the battery in the Arnold vehicle exploded. Arnold testified that the day after the accident he took the battery from his truck and placed it near the corner of a nearby shed. Although he assumed that the trash collector had taken the battery away, Arnold testified that he did not know who took the battery from that location. In an affidavit submitted in opposition to defendant's motion, plaintiff stated that, having been instructed by his counsel to obtain possession of the battery, he made inquiries and was informed that it could be found "near the corner of the shed located adjacent to Hank's Park Restaurant". Plaintiff and his girlfriend went to the restaurant, found the remains of an exploded battery near the corner of Arnold's shed and took the battery to plaintiff's attorney. In our view, this evidence provides a reasonable inference that the battery delivered to plaintiff's counsel is the same one that caused plaintiff's injuries and creates a factual issue for the jury's determination (see, Otis v Bausch & Lomb, 143 AD2d 649, 650; cf., Sosa v Joyce Beverages, 159 AD2d 335, 337). The contrary proof submitted by defendant was by no means so compelling as to mandate a grant of summary judgment in its favor (cf., Hakim v Armstrong Rubber Co., 158 AD2d 673, 674; Decker v County of Albany, 117 AD2d 966, 967). Accordingly, the motion was properly denied.

Weiss, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.