■ KENNETH CARTER et al., Appellants, v ANTHONY MASKELL et al., Respondents. [596 NYS2d 595] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered March 9, 1992 in Clinton County, which granted defendants' motion for summary judgment dismissing the complaint.

This action was brought as a result of an early morning accident that occurred on November 28, 1986 on State Route 3 in the Town of Saranac Lake, Clinton County, when plaintiff Kenneth Carter (hereinafter plaintiff), who was traveling in an easterly direction, was allegedly run off the road by an oncoming tractor trailer (hereinafter the phantom trailer). In

avoiding the phantom trailer, plaintiff's tractor trailer jack-knifed and turned over on the roadway, whereupon it was struck by a westbound pickup truck. The collision left plaintiff a permanent paraplegic.

Plaintiff initially brought an action against the driver of the pickup truck, the driver of a car that allegedly caused the phantom trailer to force plaintiff off the road, and persons believed to be the owner and possible operators of the phantom trailer. When depositions taken in that lawsuit disclosed facts suggesting that a different vehicle, one owned by defendant Green Mountain Products and operated by defendant Anthony Maskell, may have been the phantom trailer, plaintiff commenced the instant action. After issue was joined, defendants, relying largely on depositions of plaintiff and other parties given in the earlier action, successfully moved for summary judgment dismissing the complaint. Plaintiff appeals.

Defendants base their motion primarily on plaintiff's deposition testimony in the earlier action, in which he insisted that the phantom trailer was an empty logging trailer—a flatbed with stakes set some distance apart along the sides—drawn by a dark grey tractor. Inasmuch as it is undisputed that the vehicle driven by Maskell on the day of the accident consisted of a dark green tractor and a box van-type wood chip trailer, defendants maintain that plaintiff's testimony proves that Maskell's vehicle could not have been the one which forced plaintiff off the road. To counter this showing, plaintiff tendered (1) the statements of two witnesses who saw a vehicle fitting the description of Maskell's vehicle very near to and proceeding toward the scene of the accident immediately prior to the collision, (2) testimony given by a defendant in the other action, in which he claimed to have seen the Green Mountain vehicle proceeding away from the scene a short time after the accident, (3) and plaintiff's own affidavit, in which he asserts that he "could have been mistaken" when he testified at his deposition about the color and type of vehicle which forced him off the road.

While plaintiff's affidavit does not establish that defendants' truck was in fact that vehicle, it does serve to dilute plaintiff's deposition testimony as to the description and, thus, to substantially neutralize the predicate for defendants' motion. In addition, the information set out by the witnesses who saw defendants' truck proceeding toward the accident site immediately prior to the accident would, if presented in admissible form, tend to prove that defendants' truck was the phantom

trailer. This is not merely speculation or surmise, as argued by defendants, but a reasonable inference from the facts recited in those statements *(cf., Taylor v General Battery Corp.,* 183 AD2d 990, 991). Although the statements are not sworn to, and thus constitute inadmissible hearsay, they provide a basis for the assertion of plaintiff's attorney that facts may exist which justify opposition to the motion, but are not furnished in admissible form because there has been no opportunity to conduct discovery. The record indicates that after issue was joined in the instant action, plaintiff timely initiated, but had not yet conducted, discovery of defendants when the latter moved for summary judgment. Indeed, plaintiff's counsel avers, and it is not controverted, that depositions of defendants, though scheduled, were adjourned pending the outcome of this motion. Given that facts necessary to oppose defendants' summary judgment motion appear to be exclusively within defendants' knowledge and control and plaintiff's disclosure has been prematurely curtailed, summary judgment is inappropriate *(see,* CPLR 3212 [f]; *Blue Bird Coach Lines v 107 Delaware Ave.,* 125 AD2d 971) until plaintiff's discovery has been completed.

Furthermore, when the issue of the description of the vehicle is removed from the case, support for defendants' motion consists entirely of the moving affidavit of Maskell, who admittedly was driving on Route 3 in a westerly direction in the vicinity of the accident and near the time of the accident. His claim that he was not involved in the incident raises an issue of credibility, which plaintiff should be allowed to address through cross-examination *(see, Koen v Carl Co.,* 70 AD2d 695).

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied without prejudice to renewal thereof upon completion of discovery.