■ HERBERT A. MILLER et al., Respondents, v BRYCE REAL ESTATE, INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [603 NYS2d 235] —Mahoney, J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 15, 1992 in Albany County, which, inter alia, granted plaintiffs' cross motion for sanctions.

In this action, arising out of alleged improprieties in connection with the brokering and sale of plaintiffs' diner in the City of Albany, plaintiffs seek damages against, among others, defendants Bryce Real Estate, Inc. (hereinafter Bryce) (the brokerage firm which listed the property), D. Wallace Bryce (the principal broker) and purchasers Margaret M. Marker (a Bryce broker) and her husband, Richard J. Marker (also a real estate broker).* The gravamen of the suit is that through nondisclosure and various fraudulent acts by defendants, the $12,000 purchase price paid by the Markers was well below the property's fair market value. Interestingly, within a week of purchasing it, the Markers relisted the property for sale with Bryce and shortly thereafter sold it for $35,000.

---

* These enumerated defendants will collectively be referred to as defendants.

Immediately after joinder of issue and prior to the conducting of *any* discovery, a confusing barrage of motions followed which form the basis for this appeal. Initially, application was made for an order to depose plaintiff Herbert A. Miller (hereinafter Miller), who was quite ill. This deposition was conducted and when defense counsel was not supplied with an executed copy of the deposition, defendants moved alternatively for an order of preclusion or outright dismissal of the complaint due to this dereliction. While plaintiffs supplied defense counsel with an executed copy of the deposition prior to the motion return date, defendants failed to withdraw their motion. This prompted plaintiffs to cross-move for sanctions. Thereafter, several weeks *before* depositions of the remaining parties were to occur and while the previous motions were still pending before Supreme Court, defendants moved for summary judgment. Supreme Court denied defendants' motions and found that they were designed simply to delay the litigation. Accordingly, the court granted plaintiffs' cross motion for sanctions to the extent of ordering defense counsel to pay plaintiffs $100 in costs and $500 in counsel fees. Maintaining that they are entitled to summary judgment and arguing that the award of frivolity sanctions was improper, defendants now appeal.

Based upon our review of the record, we conclude that other than that part of the fourth cause of action which seeks quadruple damages against Richard Marker under Real Property Law § 442-e (3), summary judgment was properly denied at this juncture. It is evident from a reading of the allegations in the complaint and the Markers' affidavits submitted in support of the motion that the facts necessary to oppose summary judgment are unavailable inasmuch as plaintiffs have not yet had the opportunity to depose defendants and most if not all of the activities surrounding the purchase and their relationship to the transaction are within defendants' knowledge. That being the case, the motion must, in fairness, at least await the completion of discovery *(see, Carter v Maskell,* 192 AD2d 898; *Trustco Bank v Higgins,* 191 AD2d 788). As regards the fourth cause of action against Richard Marker, however, inasmuch as actions pursuant to Real Property Law § 442-e (3) can only be maintained against persons not licensed as brokers or salespersons *(see, 2 Park Ave. Assocs. v Cross & Brown Co.,* 36 NY2d 286, 291) and uncontroverted documentary evidence plainly establishes that he *was* a licensed real estate broker, that claim must fail as a matter of law.

With respect to Supreme Court's imposition of sanctions, because of the obvious fact that there was no basis whatsoever for the relief sought in defendants' initial motion to dismiss for Miller's failure to execute his deposition (see, CPLR 3116 [a]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3116:1, at 551-552), combined with defense counsel's refusal to withdraw the motion when supplied with an executed copy of the deposition prior to the return date, it cannot be said that the court's imposition of frivolity sanctions was an abuse of discretion. However, in view of the technical legal validity of the motion concerning the fourth cause of action, we decline plaintiffs' invitation to impose sanctions upon defendants or defense counsel in connection with this appeal.

We have reviewed defendants' remaining contentions and find them to be without merit.

Weiss, P. J., Mikoll and Mercure, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Richard J. Marker's motion for summary judgment dismissing the fourth cause of action against him; said motion granted to that extent and said claim dismissed; and, as so modified, affirmed.