■ Jacqueline M. Wright, Respondent, v David Eger, Appellant. [637 NYS2d 514] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Mycek, J.), entered March 15, 1995 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

The parties to this lawsuit were apparently once involved in a romantic relationship. On January 2, 1993, the parties ran into each other at a restaurant and, following a disagreement, plaintiff apparently followed defendant to his home to pursue the discussion. According to plaintiff, after she entered the doorway of defendant's home he suddenly shoved her out of the entranceway and slammed the door shut, striking plaintiff on the head and body. Plaintiff subsequently lost consciousness and apparently fell down some stairs to the sidewalk, where

she was discovered by defendant a short time later. Plaintiff alleges that defendant then took her inside his home and refused to obtain medical attention for her until it became obvious that she was seriously injured. Based on these allegations, plaintiff commenced this personal injury action asserting that the negligent and intentional acts of defendant caused her to suffer a debilitating closed head injury.

Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Attached to defendant's motion papers is his affidavit averring that he never pushed or struck plaintiff, that he is not responsible for her fall and that it was plaintiff who told him to delay seeking medical help. Supreme Court denied defendant's motion on the ground that no discovery had been completed in this matter. This appeal by defendant ensued.

We affirm. While defendant's denials of the substance of plaintiff's claims satisfy his initial burden on this motion for summary judgment (CPLR 3212 [b]; *see, Zuckerman v City of New York*, 49 NY2d 557, 562), plaintiff's opposition papers raise questions of fact sufficient to withstand a motion for summary judgment (*see, ibid.*). Although it is true that plaintiff's affidavit does not address the issue of defendant's alleged negligence in the maintenance of his property, we note, as did Supreme Court, that no depositions or other discovery have been completed (*cf., Carter v Maskell*, 192 AD2d 898, 900). Thus, while it is possible that plaintiff will ultimately be unable to support these claims, it cannot be said, given all the circumstances, that it was imprudent to deny summary judgment at this juncture.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.