◼ PATRICIA OTIS et al., Appellants, v BAUSCH & LOMB INCORPORATED, Respondent, et al., Defendant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered June 3, 1987, which granted the motion of the defendant Bausch & Lomb Incorporated for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, with costs, and the motion is denied.

In this action, *inter alia,* the plaintiff Patricia Otis is seeking to recover damages for injury suffered to her eyes in September 1985 when she contracted a corneal ulcer allegedly from wearing extended-wear contact lenses manufactured by the defendant Bausch & Lomb Incorporated (hereinafter Bausch & Lomb). That defendant moved for summary judgment contending that the plaintiffs were unable to prove that it manufactured the lens which was responsible for the plaintiff Patricia Otis's injury. It based its contention on Mrs. Otis's deposition testimony that she had discarded the lenses sometime after the injury because they had become stuck to their case when the liquid in which they were stored dried out. The

Supreme Court granted the motion and dismissed the action as against Bausch & Lomb. The court reasoned that the plaintiffs could not prove that the lenses Mrs. Otis was wearing at the time of her injury were made by the respondent and without such proof she cannot prove her cause of action.

We disagree. The fact that the product has been destroyed does not by itself mean an end to the plaintiffs' action. While the best and most conclusive proof is the product itself, both the existence of a product defect as well as the identity of the manufacturer of the product are issues of fact capable of proof by circumstantial evidence *(see, Coley v Michelin Tire Corp.,* 99 AD2d 795; *Yager v Arlen Realty & Dev. Corp.,* 95 AD2d 853; Weinberger, New York Product Liability § 8:05). In the case at bar, a sufficient foundation of fact has been laid by the plaintiffs to create a triable issue as to whether Bausch & Lomb was the manufacturer of the product. The documentary evidence in the record clearly indicates that Mrs. Otis was fitted with Bausch & Lomb extended-wear lenses on June 5, 1984. Thereafter, Mrs. Otis had individual lenses replaced on two or more occasions under an insurance policy which specified "B & L Soflens SV". There is no suggestion by Bausch & Lomb that any other brand of lenses was supplied to Mrs. Otis and their reliance on *Campagno v IPCO Corp.* (138 Misc 2d 44) is inapposite. In that case, the evidence suggested that the lens in question could have been supplied by 1 of 5 or 6 different suppliers. When the record in the instant case is viewed as a whole, sufficient facts are disclosed which warrant a trial of the issues raised. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.