■ Joseph Ambers et al., Respondents, v C.T. Industries, Inc., et al., Defendants, Work Wear Corp., Appellant and Third-Party Plaintiff-Appellant, and Golten Marine Com-

PANY, INC., Respondent, et al., Third-Party Defendants. (And Other Actions.)—Order, Supreme Court, New York County, (Kristin Booth Glen, J.), entered January 22, 1990, which, *inter alia,* denied defendant Work Wear Corp.'s motion for summary judgment dismissing plaintiffs' complaint, unanimously affirmed, without costs.

Plaintiff, who was allegedly injured by an explosion at his place of employment, claims that his work uniform, which was allegedly manufactured by defendant Work Wear Corp., exacerbated his injuries. The uniform, however, was either destroyed or lost at the hospital where plaintiff was treated for his burns. Subsequently, defendant moved for summary judgment contending that plaintiff could not prove that it was the manufacturer.

Our review of the record reveals that the IAS court correctly determined that a sufficient foundation of fact has been laid by the opposing parties to create a triable issue of fact as to whether Work Wear was the manufacturer of the uniform in question. The existence of a product defect and the identity of the manufacturer of the garment are issues of fact capable of proof by circumstantial evidence. *(Otis v Bausch & Lomb,* 143 AD2d 649, 650.) Evidence was introduced to demonstrate that Work Wear's then wholly-owned subsidiary, Star Uniform Rental Companies, provided the only work uniforms to plaintiff's employer at the time of the accident. Under these circumstances a trial is warranted. Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.