■ SALVATORE D'AMICO et al., Respondents, v MANUFACTURERS HANOVER TRUST COMPANY et al., Respondents and Third-Party Plaintiffs-Respondents, and CHESEBORO/WHITMAN CO., INC., et al., Appellants. ALLIED MAINTENANCE CORP., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered February 26, 1990, which, inter alia, denied the motion by defendants Cheseboro/Whitman Co., Inc., Patent Scaffolding Company, Inc. and Harsco Corp. to dismiss all cross claims against them, unanimously reversed, on the law, insofar as appealed from, and the motion is granted, with $200 costs against third-party defendant Allied Maintenance Corp. The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing all cross claims against them, with costs. The appeal by the same defendants from the same order is dismissed as moot insofar as it seeks review of the denial of their motion for summary judgment dismissing the complaint, with $50 costs against plaintiffs.

Plaintiff was injured in the course of his employment as a window cleaner when he fell to the ground, allegedly because of a defect in the ladder he was using. He sued the owner and managing agent of the building, defendants Manufacturers Hanover Trust Company and Cross and Brown Co. ("Manufacturers" and "Cross"), claiming violations of Labor Law §§ 200, 202 and 240 and negligence; the company which sold the ladder to plaintiff's employer, Manhattan Ladder Co. Inc. ("Manhattan Ladder"), claiming negligence, products liability, and breach of warranty; and three companies which allegedly manufactured the ladder, Cheseboro/Whitman Co., Inc., Patent Scaffolding Company, Inc. and Harsco Corp., again claiming negligence, products liability and breach of warranty. Cheseboro/Whitman, Patent Scaffolding and Harsco ("Cheseboro") are closely affiliated and defend the action as though they were a single entity, and we treat them as such for purposes of the appeal. While the only pleadings in the appendix (as well as the original record filed pursuant to 22 NYCRR 600.5 [a] [1]) are plaintiff's complaint and Cheseboro's

answer, which contains cross claims for contribution against the other three defendants, it also appears that all of the defendants cross-claimed against each other, that Manufacturers and Cross impleaded plaintiff's employer, Allied Maintenance Corp. ("Allied"), claiming negligence on the latter's part in its maintenance of the ladder and supervision of plaintiff, and that Allied then counterclaimed against Manufacturers and Cross and cross-claimed against Manhattan Ladder and Cheseboro, the other two defendants named in the main action. The focus of the appeal is Allied's cross claim against Cheseboro, which, we assume, seeks contribution for negligence, products liability and breach of warranty.

Allied was directed to produce the ladder involved in the accident, but instead submitted an affidavit stating that it could not be located. Other disclosure established that the type of ladder involved was a wooden sectional window cleaner; that Allied owned the ladder; that Allied purchases its sectional window cleaning ladders only from Manhattan Ladder; that Manhattan Ladder distributes only two brands of sectional window cleaning ladders, one manufactured by Cheseboro and the other by a non-party named J. S. Tilley Co.; and that Manhattan Ladder has sold to Allied sectional window cleaning ladders manufactured by both Cheseboro and Tilley.

Cheseboro moved for summary judgment dismissing the complaint "and any cross-claims and counter claims" against it, arguing that the unavailability of the ladder made it "impossible for any party to establish" whether it, rather than Tilley, had manufactured the ladder, and, if so, whether there were any defects when it left its hands. Allied opposed, arguing that the loss of the ladder does not necessarily require the dismissal of the claims interposed against Cheseboro, since the identity of the manufacturer and the existence of a defect could be proved circumstantially. Allied also argued that for purposes of Cheseboro's motion for summary judgment, the burden was on Cheseboro to prove that it was not the manufacturer, not on plaintiff or the cross-claiming defendants to prove that it was, and that since disclosure had adduced evidence showing that a trained eye could distinguish between the Cheseboro and Tilley ladders, Cheseboro, "if [it] wanted to", could "conclusively demonstrate that they did not manufacture [the] ladder in question [by] confront[ing] plaintiff with the two types of ladders and ask[ing] him which was involved in his accident. With plaintiff's 27 years of experience in the window washing business", Allied's attorney continued to

argue, "he should be able to make this distinction and end the product identity controversy." Plaintiff also opposed Cheseboro's motion for summary judgment, arguing, much as Allied did, that sufficient had been adduced in disclosure to present a jury question concerning the existence of a defect, but his papers simply did not address how he intended to prove that Cheseboro, not Tilley, was the manufacturer, or whether he considered such to be his burden on the motion or indeed at trial. Cheseboro, in its reply, stressed this omission, arguing that both Allied and plaintiff "miss the point" that absent proof showing it to be the manufacturer, it simply could not be held liable for any defects even if it were shown that defects did exist. IAS denied the motion, stating that "it would be inequitable to penalize plaintiff for the failure of his employer" to preserve the ladder, and that "[t]he absence of the ladder is not fatal to plaintiff's case since by proof excluding all causes of the accident other than defect, plaintiff may prevail." (Citing *Halloran v Virginia Chems.*, 41 NY2d 386.)

After Cheseboro appealed and filed its brief, plaintiff discontinued the action as against it, informing the court that he would "not be opposing or responding in any way to the appeal", but noting his understanding that "the appeal will proceed in an effort by [Cheseboro] to extinguish [the cross] claims" against it. Thereafter, Allied filed a brief stating that its cross claim against Cheseboro remained extant, and urging an affirmance of IAS's denial of Cheseboro's motion for summary judgment. No other defendants appear on the appeal.

It is axiomatic, if not quite a truism, that Cheseboro cannot be held liable for having manufactured the ladder unless it is shown to have manufactured the ladder *(see, Hymowitz v Lilly & Co.,* 73 NY2d 487, 504 ["In a products liability action, identification of the exact defendant whose product injured the plaintiff is, of course, generally required".]; *see also, Smith v Johnson Prods. Co.,* 95 AD2d 675; *Shanks v Oneita Knitting Mills,* 58 AD2d 741). It is also axiomatic that such a showing must be by a preponderance of the evidence *(Rinaldi & Sons v Wells Fargo Alarm Serv.,* 39 NY2d 191, 196 ["Plaintiff has the burden of proving his case by a fair preponderance of the credible evidence. If, at the close of the proofs, the evidence as a matter of logical necessity is equally balanced, plaintiff has failed to meet his burden and the cause of action is not made out".]; *see,* PJI 1:60 [If the evidence "weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the question against the party who has the burden of proof and in favor of the opposing party."]).

In support of its motion for summary judgment, Cheseboro argued that the evidence adduced in disclosure did not make out a prima facie case against it since it would be nothing but sheer guesswork for a jury to conclude, on the basis of that evidence, that it, rather than Tilley, had manufactured the ladder; in effect, Cheseboro's motion challenged plaintiff and the cross-claiming defendants to come forward with additional evidence tending to identify it as the manufacturer. On the appeal, plaintiff no longer makes even a pretense of taking up this challenge, and of the various defendants, only Allied— who, as the owner of the ladder, might have been expected to take care to preserve it if only for the sake of pressing its own products claim—continues to actively oppose Cheseboro's dismissal from the action. But the one case Allied cites in its brief, for the proposition that the identity of a manufacturer can be proven circumstantially, involved evidence tending to establish such identity that was, to say the least, something more than evenly balanced (Prata v National R. R. Passenger Corp., 70 AD2d 114, 118, appeals dismissed 48 NY2d 975 [testimony at trial that alleged manufacturer was the only company to have sold the product to plaintiff's employer, and, "most significantly", that remnants of the product found at the accident site were "identical in analysis" to the product of the alleged manufacturer, sufficient to make out a prima facie case]; see also, Otis v Bausch & Lomb, 143 AD2d 649, 650 [extended wear contact lenses that allegedly caused plaintiff's corneal ulcer were discarded by plaintiff when they dried up in the storage case. Held: documentary evidence showing that plaintiff was fitted with Bausch & Lomb extended wear lenses, and thereafter had individual lenses replaced on two or more occasions under an insurance policy which specified " 'B & L Soflens SV' " sufficient to withstand a motion for summary judgment]).

Here, in contrast, there is no testimonial or documentary proof whatsoever that might permit a reasoned inference that Cheseboro, rather than Tilley, was the manufacturer of the ladder, nor do we see how any might be adduced. The only point raised by Allied before IAS at all responsive to this concern—a point not reiterated on the appeal—was its suggestion that prototypes of the Cheseboro and Tilley ladders be exhibited to plaintiff in the hope that such might help him recall which one he was using at the time of the accident. We can only assume that plaintiff was responsive to this suggestion, if such mode of proof-gathering had not already occurred to his attorney, and that he would not have discontinued as against Cheseboro had anything come of it.

In short, whether or not Cheseboro manufactured the ladder is an issue of fact that remains not only unresolved, but also unresolvable, and thus all claims against it should have been dismissed. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.