■ BRIAN A. BAUER, Appellant, v BASHLINE INDUSTRIES, Respondent. [632 NYS2d 341] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff was injured when he fell from a pole that he was climbing in order to change a light bulb at the Dry Hill Ski Area. He was wearing climbing devices with straps around his legs and ankles and fell when the strap around his right leg allegedly broke. Plaintiff commenced this action, alleging that defendant negligently designed, manufactured and tested the strap. Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff is unable to produce the allegedly defective strap;

the court agreed with defendant "that the strap itself needs to be available for viewing by a fact-finder if inherent defectiveness is the claim." That was error. "While the best and most conclusive proof is the product itself, both the existence of a product defect as well as the identity of the manufacturer of the product are issues of fact capable of proof by circumstantial evidence" *(Otis v Bausch & Lomb,* 143 AD2d 649, 650; *see, Treston v Allegretta,* 181 AD2d 470, 471-472; *cf., D'Amico v Manufacturers Hanover Trust Co.,* 173 AD2d 263). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.