■ ALEX TORRES et al., Respondents, v ROYAL CROWN BOTTLING CO., INC., et al., Appellants, et al., Defendant. [642 NYS2d 54] —In a negligence action to recover damages for personal injuries, etc., the defendants Royal Crown Bottling Co., Inc., and Joyce Beverage, Inc., appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 12, 1995, which granted the plaintiffs' motion to renew, and upon renewal, (a) vacated a prior order by the same court granting summary judgment in favor of the defendants and (b) restored the action to the trial calendar.

Ordered that the order is affirmed, with costs.

The infant plaintiff incurred the injuries at issue while working as a stock boy in a Brooklyn grocery store on March 18, 1985. While restocking shelves in the store's basement, he picked up a bottle of Nehi Fruit Punch. The bottle exploded in his hand, propelling glass fragments into his right eye. As a result, he and his mother, individually and on his behalf, sought damages from the defendants, all of whom were involved in the manufacture, bottling, and distribution of Nehi Fruit Punch.

The appellants moved for summary judgment, and by order dated May 10, 1994, the Supreme Court, Kings County, granted their motion in its entirety. Thereafter, the plaintiffs moved to renew the motion and submitted a new expert affidavit. By order dated June 12, 1995, the same court granted renewal and denied the motion for summary judgment.

Given the procedural and factual posture of this case, we cannot say that the granting of renewal constituted an improvident exercise of discretion. We are also satisfied that, on renewal, the motion for summary judgment was properly denied. The facts contained in the record, combined with the affidavit presented on renewal, raised a triable issue of fact with regard to the appellants' exclusive control of the soft drink bottle in question (see, Otis v Bausch & Lomb, 143 AD2d 649). Sullivan, J. P., Hart, Goldstein and McGinity, JJ., concur.