(May 19, 1997)

■ AETNA CASUALTY AND SURETY COMPANY, as Subrogee of HELENE NAKIS, Respondent, v MOHAMMAD ASHRAF et al., Defendants and Third-Party Plaintiffs-Respondents. ROBERTS CONSOLIDATED INDUSTRIES, Third-Party Defendant-Appellant. (Action No. 1.) HELENE NAKIS et al., Respondents, v MOHAMMAD ASHRAF et al., Respondents, and DAP, INC., et al., Appellants. (Action No. 2.) [658 NYS2d 51] —In two related actions to recover damages for personal injuries and property loss, Roberts Consolidated Industries, the third-party defendant in Action No. 1 and a defendant in Action No. 2, and DAP, Inc., a defendant in Action No. 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County

(Golar, J.), dated June 28, 1996, as denied their motion for summary judgment dismissing the complaints, third-party complaint, and any cross claims insofar as asserted against them in both actions.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' motion is granted, the complaint, third-party complaint, and cross claims are dismissed insofar as they are asserted against the appellants in both actions, and the actions against the remaining defendants are severed.

The plaintiff Helene Nakis commenced Action No. 2 against a home improvement contractor and the appellants, in which she alleged, among other things, that the warnings on the appellants' product, "Weldwood Contact Cement", were inadequate. (An earlier action, Action No. 1, had been commenced by Aetna Casualty and Surety Company as subrogee of Nakis.) According to the plaintiffs in both actions, a worker for the defendant contractor was using this product in Nakis's home when a pilot light on her stove ignited the product's vapors and caused a flash fire. The appellants moved for summary judgment arguing, among other grounds, that the plaintiffs could not establish that the appellants' product was in fact the one used by the defendant contractor.

We conclude that the Supreme Court erred in denying the appellants' motion. The plaintiffs had the ultimate burden of establishing the identity of the product which allegedly caused the injuries (*see, Hymowitz v Eli Lilly & Co.*, 73 NY2d 487, 504, *cert denied* 493 US 944). The plaintiffs failed to present admissible proof sufficient to raise a triable issue of fact as to whether the appellants' product was being used by the defendant contractor in her home at the time of the fire. Contrary to the plaintiffs' contention, the pleadings submitted by the defendant contractor cannot be treated as the equivalent of affidavits, as they were not verified (*cf.*, CPLR 105 [u]; *Bethlehem Steel Corp. v Solow*, 51 NY2d 870). Accordingly, since the plaintiffs did not show that they could identify the appellants' product, the appellants' motion for summary judgment should have been granted (*see, e.g., D'Amico v Manufacturers Hanover Trust Co.*, 173 AD2d 263).

In view of our determination, the remaining issues raised by the appellants are academic. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.