■ DIANNE L. FISHER, Respondent, v ALEXANDER & FIDEN MACHINERY CO., INC., Appellant and Third-Party Plaintiff. BUFFALO FORGE Co. et al., Third-Party Defendants-Appellants. [662 NYS2d 665] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motions of defendant and third-party defendants for summary judgment. They met their initial burden, and plaintiff raised material issues of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff, an employee of third-party defendant Colgate Plastics Corp., was injured while operating a drill press manufactured by third-party defendant Buffalo Forge Co. (Buffalo Forge) and sold to her employer by defendant. We reject the contention of defendant that, because it merely sold the used drill press and did not manufacture or design it, it cannot be held liable (*see, Sukljian v Ross & Son Co.*, 69 NY2d 89, 95-96; *Stiles v Batavia Atomic Horseshoes*, 174 AD2d 287, *revd on other grounds* 81 NY2d 950, *rearg denied* 81 NY2d 1068). Furthermore, it cannot be determined on this record that, as a matter of law, the danger from the drill press was open and obvious and thus that no warnings were necessary (*see, Oliver v NAMCO Controls*, 161 AD2d 1188, 1189). The contention of Buffalo Forge that the claims against it must be dismissed for failure to preserve the drill press is not supported by the record; there is no indication in the record that the machine is no longer available for inspection. Furthermore, there are numerous

photographs and diagrams of the drill press. In any event, the unavailability of the equipment would not be dispositive; " 'the existence of a product defect as well as the identity of the manufacturer of the product are issues of fact capable of proof by circumstantial evidence' " (*Bauer v Bashline Indus.,* 219 AD2d 841, 842, quoting *Otis v Bausch & Lomb,* 143 AD2d 649, 650). Finally, there is no proof in the record that the use of the drill press with a router bit to remove a plastic nub is a misuse of the machine or an unforeseeable use (*cf., Micallef v Miehle Co.,* 39 NY2d 376). (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.