■ HERMES ESCARRIA et al., Appellants, v AMERICAN GAGE & MANUFACTURING Co., et al., Respondents, et al., Defendants. [690 NYS2d 86] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Levine, J.), dated April 9, 1998, which granted the separate motions of the defendants American Gage & Manufacturing Co. and Boro Park Hardware Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

"The circumstantial evidence of identity of the manufacturer of a defective product causing personal injury must establish that it is reasonably probable, not merely possible or evenly balanced, that the defendant was the source of the offending product" (*Healey v Firestone Tire & Rubber Co.,* 87 NY2d 596, 601-602; *see, D'Amico v Manufacturers Hanover Trust Co.,* 173 AD2d 263). Here, the plaintiffs failed to establish that it was reasonably probable that the defendant American Gage & Manufacturing Co. was the manufacturer of the defective winch puller which they contend precipitated the injury, or that the defendant Boro Park Hardware Corp. was the retailing source of this product.

Inasmuch as the allegedly defective product has been discarded, those defendants will not have an opportunity to ex-

amine the product, and thus would be prejudiced in presenting defenses (*see, e.g., Hughes v Atlantic Oldsmobile,* 202 AD2d 392; *Strelov v Hertz Corp.,* 171 AD2d 420). Accordingly, the Supreme Court properly granted their respective motions for summary judgment. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.