■ BENJAMIN HORN et al., Respondents, v HOMIER DISTRIBUTING, INC., Appellant and Third-Party Plaintiff-Appellant. ROC-EDGE, INC., et al., Third-Party Defendants, and U.S. LAWN PRODUCTS, INC., et al., Third-Party Defendants-Respondents. [707 NYS2d 582] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this products liability action against defendant, Homier Distributing, Inc. (Homier), alleging that Benjamin Horn (plaintiff) was injured while using a defective cutting wheel or disc sold by Homier. Homier impleaded, *inter alia*, Roc-Edge, Inc., U.S. Lawn Products, Inc. (U.S. Lawn), and Woodlawn Abrasives, Inc. (Woodlawn), alleging that those entities manufactured or distributed the wheel. U.S. Lawn and Woodlawn each moved for summary judgment dismissing the third-party complaint and cross claims against them, contending that they did not supply the wheel to Homier. In the alternative, U.S. Lawn moved for summary judgment seeking a conditional order of indemnification on its cross claim against Woodlawn, contending that Woodlawn supplied the wheel. Likewise, proceeding in the alternative, Homier opposed the motions of U.S. Lawn and Woodlawn, contending that they supplied the wheel to Homier, but cross-moved for summary judgment dismissing the complaint, contending that it did not sell the wheel in question.

As limited by its brief, Homier appeals from an order insofar as it granted the motions of U.S. Lawn and Woodlawn for summary judgment dismissing the third-party complaint and cross claims against them and denied the cross motion of Homier for summary judgment dismissing the complaint. Although it did not file a notice of cross appeal, U.S. Lawn contends that, if we modify the order by reinstating the third-party complaint against U.S. Lawn, then we should determine whether Supreme Court should have granted the motion of U.S. Lawn for summary judgment seeking a conditional order of indemnification on its cross claim against Woodlawn.

The court properly denied the cross motion of Homier for summary judgment dismissing the complaint, but erred in granting the motions of U.S. Lawn and Woodlawn for summary judgment dismissing the third-party complaint and cross claims against them. A plaintiff in a products liability action generally must establish the identity of the supplier of the allegedly defective product (*see, Hymowitz v Eli Lilly & Co.,* 73 NY2d 487, 504, *cert denied* 493 US 944). The identity of the

supplier may be established by circumstantial evidence (*see, Fisher v Alexander & Fiden Mach. Co.,* 242 AD2d 968, 969). Homier failed to meet its burden of establishing as a matter of law that it did not sell the wheel in question. Even assuming that Homier met its burden, we conclude that plaintiffs raised a triable question of fact on that issue (*see, Clark v Globe Bus. Furniture,* 237 AD2d 846, 847; *Otis v Bausch & Lomb,* 143 AD2d 649, 650).

U.S. Lawn and Woodlawn likewise failed to sustain their burden of demonstrating their entitlement to judgment as a matter of law on the issue of the identity of the supplier, and Homier in any event raised a triable question of fact on that issue (*see, Clark v Globe Bus. Furniture, supra,* at 847; *Otis v Bausch & Lomb, supra,* at 650).

Although U.S. Lawn did not file a notice of cross appeal, we may reach its contention that it is entitled to summary judgment on its cross claim against Woodlawn (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). We nonetheless conclude that the motion was properly denied because there are triable questions of fact concerning the characteristics and source of the allegedly injurious product.

We modify the order, therefore, by denying the motions of U.S. Lawn and Woodlawn and by reinstating the third-party complaint and cross claims against them. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.