■ EBENEZER BAPTIST CHURCH, Respondent, v LITTLE GI-ANT MANUFACTURING CO., INC., Appellant, et al., Defendant. [814 NYS2d 471]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 1, 2005. The order denied the motion of defendant Little Giant Manufacturing Co., Inc. for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence and products liability action after its church sustained extensive fire damage caused by an immersion heater allegedly supplied or manufactured by defendants. Supreme Court properly denied the motion of defendant Little Giant Manufacturing Co., Inc. (Little Giant) for summary judgment dismissing the complaint and cross claims against it. Although a plaintiff in a products liability action generally must establish the identity of the manufacturer or supplier of the allegedly defective product (see

*Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601 [1996]; *Horn v Homier Distrib.*, 272 AD2d 909 [2000]), a defendant seeking summary judgment dismissing the complaint and cross claims against it on the ground that it was not the manufacturer or supplier of the allegedly defective product has the initial burden of establishing as a matter of law that it did not manufacture or supply the product (*see Baum v Eco-Tec, Inc.*, 5 AD3d 842, 843-844 [2004]).

Here, Little Giant failed to meet its initial burden of establishing as a matter of law that it was not the manufacturer or supplier of the heater at issue (*see Slater v Sears, Roebuck & Co.*, 280 AD2d 950, 951 [2001]; *Horn*, 272 AD2d at 909-910). In support of its motion, Little Giant asserted that the heater at issue had a metal control housing unit and that it did not sell heaters with such units. Little Giant failed to submit the requisite evidence in support of that assertion, however, inasmuch as the two affidavits of employees of Little Giant's suppliers were conclusory and did not set forth the records they examined in making that determination or, indeed, whether all records from the relevant time period were still in existence. Moreover, Little Giant submitted evidence that it did not inspect the heaters before delivery and it submitted the affidavit and deposition testimony of the person who purchased the heater stating that he believed that the heater was manufactured or supplied by Little Giant. Finally, Little Giant submitted evidence that the heater was purchased from defendant Superior Fiberglass, Inc. (Superior) and that, during the relevant time period, Superior had purchased all its heaters from Little Giant. The identity of the manufacturer or supplier may be established by circumstantial evidence, but such circumstantial evidence "must establish that it is reasonably probable, not merely possible or evenly balanced, that the defendant was the source of the offending product" (*Healey*, 87 NY2d at 601-602). We conclude on the record before us that it is for a trier of fact to determine whether the circumstantial evidence establishes that it is reasonably probable that Little Giant manufactured or supplied the heater. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Hayes, JJ.