■ UNIVERSAL RESOURCES HOLDINGS, INC., Plaintiff, v NORTH PENN PIPE & SUPPLY, INC., Defendant/Third-Party Plaintiff-Respondent. LAKESIDE STEEL CORP. et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. [11 NYS3d 785]—

Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered October 7, 2013. The order, inter alia, denied the motion of third-party defendants Lakeside Steel Corp., Lakeside Steel Inc., and Lakeside Steel Services, Inc., for summary judgment dismissing the third-party complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action after its natural gas well sustained damage caused by an allegedly defective pipe installed by defendant/third-party plaintiff North Penn Pipe & Supply, Inc. (North Penn). Pipe used in the well was manufactured by third-party defendants Lakeside Steel Corp., Lakeside Steel Inc., and Lakeside Steel Services, Inc. (hereafter, Lakeside defendants) and other parties not relevant to the appeal. The Lakeside defendants moved for summary judgment dismissing the third-party complaint against them on the ground that they did not manufacture the pipe that caused the damage to plaintiff's natural gas well (*see Ebenezer Baptist Church v Little Giant Mfg. Co., Inc.*, 28 AD3d 1173, 1174 [2006]). Supreme Court denied the motion, and we affirm. We conclude that the Lakeside defendants failed to submit "affirmative evidence that [they] did not manufacture" the pipe at issue (*see Antonucci v Emeco Indus.*, 223 AD2d 913, 914 [1996]). It is well settled that "a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615 [1992]; *see Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]). Inasmuch as the Lakeside defendants failed to meet their initial burden on the motion, there is no need to consider the adequacy of North Penn's submissions in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Scudder, P.J., Smith, Sconiers, Valentino and DeJoseph, JJ.