# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**784**

**CA 14-01774**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

UNIVERSAL RESOURCES HOLDINGS, INC., PLAINTIFF,

V            MEMORANDUM AND ORDER

NORTH PENN PIPE & SUPPLY, INC., DEFENDANT.
------------------------------------------------
NORTH PENN PIPE & SUPPLY, INC., THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

LAKESIDE STEEL CORP., LAKESIDE STEEL INC.,
LAKESIDE STEEL SERVICES, INC.,
THIRD-PARTY DEFENDANTS-APPELLANTS,
ET AL., THIRD-PARTY DEFENDANTS.

ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP, NEW YORK CITY (GLENN
JACOBSON OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-APPELLANTS.

BURKE, SCOLAMIERO, MORTATI & HURD, LLP, ALBANY (PETER P. BALOUSKAS OF
COUNSEL), FOR DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(Deborah A. Chimes, J.), entered October 7, 2013. The order, inter
alia, denied the motion of third-party defendants Lakeside Steel
Corp., Lakeside Steel Inc., and Lakeside Steel Services, Inc., for
summary judgment dismissing the third-party complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action after its natural
gas well sustained damage caused by an allegedly defective pipe
installed by defendant-third-party plaintiff North Penn Pipe & Supply,
Inc. (North Penn). Pipe used in the well was manufactured by third-
party defendants Lakeside Steel Corp., Lakeside Steel Inc., and
Lakeside Steel Services, Inc. (hereafter, Lakeside defendants) and
other parties not relevant to the appeal. The Lakeside defendants
moved for summary judgment dismissing the third-party complaint
against them on the ground that they did not manufacture the pipe that
caused the damage to plaintiff's natural gas well (*see Ebenezer
Baptist Church v Little Giant Mfg. Co., Inc.*, 28 AD3d 1173, 1174).
Supreme Court denied the motion, and we affirm. We conclude that the
Lakeside defendants failed to submit "affirmative evidence that [they]

did not manufacture" the pipe at issue (*see Antonucci v Emeco Indus.*, 223 AD2d 913, 914).  It is well settled that "a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615; *see Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980).  Inasmuch as the Lakeside defendants failed to meet their initial burden on the motion, there is no need to consider the adequacy of North Penn's submissions in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Entered:  June 19, 2015                     Frances E. Cafarell
                                            Clerk of the Court