Tyminskyy v Sand Man Bldg. Materials, Inc. (2019 NY Slip Op 00632)





Tyminskyy v Sand Man Bldg. Materials, Inc.


2019 NY Slip Op 00632


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-08381
 (Index No. 14981/12)

[*1]Roman Tyminskyy, respondent, et al., plaintiff,
v
Sand Man Building Materials, Inc., et al., defendants, Prime Source Building Products, Inc., appellant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Colleen E. Hastie of counsel), for appellant.
Parker Waichman LLP, Port Washington, NY (Jay L.T. Breakstone of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Prime Source Building Products, Inc., appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated July 6, 2016. The order denied the motion of the defendant Prime Source Building Products, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Prime Source Building Products, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff Roman Tyminskyy (hereinafter the plaintiff) alleges that he sustained severe personal injuries on July 24, 2009, when the rolled steel wire mesh (hereinafter the mesh) he was using to reinforce poured concrete for a sidewalk allegedly recoiled and struck him in the back of his neck. The plaintiff purchased the mesh from the defendant Sand Man Building Materials, Inc. (hereinafter Sand Man), on July 7, 2009, but did not know who supplied the mesh to Sand Man. By order to show cause, the plaintiff commenced a proceeding to obtain pre-action disclosure about the
identity of anyone known to be a part of the stream of commerce of the mesh. He alleges that in response to the order to show cause, a representative of Sand Man identified the defendants Prime Source Building Products, Inc. (hereinafter Prime Source), a wholesale distributor of building materials, and Steel Services, LLC (hereinafter Steel Services), as suppliers of rolled wire mesh. Thereafter, the plaintiff and his wife—who later stipulated to withdraw her cause of action-—suing derivatively, commenced this action against Sand Man, Steel Services, and Prime Source, alleging that the mesh was defectively designed. Sand Man and Steel Services defaulted. Subsequently, Prime Source moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not supply the mesh. The Supreme Court denied the motion. Prime Source appeals.
In strict products liability, a manufacturer, wholesaler, distributor, or retailer who sells a product in a defective condition is liable for injury which results from the use of the product regardless of privity, foreseeability, or the exercise of due care (see Finerty v Abex Corp., 27 NY3d 236, 241; Godoy v Abamaster of Miami, 302 AD2d 57, 60). Liability, however, may not be imposed upon a party that is outside the manufacturing, selling, or distribution chain (see Quinones v Federated Dept. Stores, Inc., 92 AD3d 931; Spallholtz v Hampton C.F. Corp., 294 AD2d 424, 424). The identity of the manufacturer or supplier of a defective product may be established by circumstantial evidence (see Healey v Firestone Tire & Rubber Co., 87 NY2d 596, 601). The circumstantial evidence of the identity of the manufacturer or supplier of a defective product causing personal injury must establish, however, "that it is reasonably probable, not merely possible or evenly balanced, that the defendant was the source of the offending product" (id. at 601-602; see Jimenez v Iron Master Corp., 292 AD2d 426; Brown v Elm Plumbing Supply, 271 AD2d 469; Escarria v American Gage & Mfg. Co., 261 AD2d 434, 434). "Speculative or conjectural evidence of the manufacturer's identity is not enough" (Healey v Firestone Tire & Rubber Co., 87 NY2d at 602).
Here, Prime Source established its prima facie entitlement to judgment as a matter of law by demonstrating that it was outside the manufacturing, selling, or distribution chain of the mesh (see Quinones v Federated Dept. Stores, Inc., 92 AD3d at 932; Ito v Marvin Windows of N.Y., Inc., 54 AD3d 1002, 1004; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In opposition to the motion by Prime Source, the plaintiff's attorney submitted an affirmation in which he stated that on the return date of the order to show cause which commenced the proceeding to obtain pre-action disclosure, a representative from Sand Man "produced a sheet of paper on which she had written the names of two suppliers she claims had supplied wire mesh to Sand Man" prior to the date of the subject accident. This affirmation was insufficient to raise a triable issue of fact, because it did not establish "that it is reasonably probable, not merely possible or evenly balanced" (Healey v Firestone Tire & Rubber Co., 87 NY2d at 601-602) that Prime Source, rather than Steel Services, was the source of the mesh (see Healey v Firestone Tire & Rubber Co., 87 NY2d at 601-602; Jimenez v Iron Master Corp., 292 AD2d 426; Escarria v American Gage & Mfg. Co., 261 AD2d at 434; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). The plaintiff failed to come forward with any evidence "that might permit a reasoned inference" that Prime Source, rather than Steel Services, supplied the mesh to Sand Man (D'Amico v Manufacturer's Hanover Trust Co., 173 AD2d 263, 266; cf. Katz v Pro Form Fitness, 3 AD3d 474, 475; Escarria v American Gage & Mfg. Co., 261 AD2d at 434; Torres v Royal Crown Bottling Co., 227 AD2d 397; Otis v Bausch & Lomb, 143 AD2d 649, 650).
Accordingly, the Supreme Court should have granted the motion of Prime Source for summary judgment dismissing the complaint insofar as asserted against it.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court