ANNE R. MORRISSEY, as Administratrix of the Estate of FRANCIS W. MORRISSEY, Deceased, Appellant, v. CONSERVATIVE GAS CORPORATION et al., Defendants, and ESSO STANDARD OIL COMPANY, Respondent. ANNE R. MORRISSEY, Appellant, v. CONSERVATIVE GAS CORPORATION et al., Defendants, and ESSO STANDARD OIL COMPANY, Respondent.— The appellant, as administratrix, sued the alleged manufacturer and distributors of a gas used for illumination and heating for the wrongful death of her intestate, allegedly caused by an explosion. Individually, she sued to recover for property damage allegedly caused by the same explosion. The appeals are from the judgments in both actions dismissing the complaints. By an order of this court, dated October 18, 1954, the appeals were discontinued as to parties defendant other than respondent Esso Standard Oil Company, the alleged manufacturer. Judgments affirmed, with costs. There is no proof that it was the gas of the respondent Esso Standard Oil Company which was sold to appellants on the occasion which resulted in the explosion. Nolan, P. J., MacCrate and Murphy, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to reverse the judgment in each action insofar as it dismisses the complaints as against respondent Esso Standard Oil Company, and to grant a new trial, with the following memorandum: It is claimed that Esso negligently failed to odorize propane gas sold by it to Conservative Gas Corporation, which in turn furnished it to appellants; that a leak developed, of which appellants had no warning for lack of such odorant in the gas, and that the resultant explosion caused the intestate's death and the alleged property damage. Since propane gas is a substance that is by nature volatile and explosive, and by virtue of being colorless and odorless gives no indication of the danger created by its unknown presence in case of a leak or like occurrence, and since by the introduction of an odorant it can be made to carry its own warning, a manufacturer thereof is under a duty, extending to remote users, of so giving notice of such hazard (*Campo* v. *Scofield*, 301 N. Y. 468; *Genesee Co. Patrons Fire Relief Assn.* v. *Sonneborn Sons*, 263 N. Y. 463; Restatement, Torts, § 388, comment l, p. 1052). If the facts shown raise an inference that Esso breached this duty and that such breach was a proximate cause of the accident, a prima facie case was established and the complaints should not have been dismissed as against it. The majority of this court have decided that there was failure of proof that Esso supplied the gas in question to Conservative, and that the dismissal at the end of the plaintiffs' cases was proper. For reasons that follow, we hold to the contrary. In the course of the trial there was uncontroverted testimony that during the period here in question, Esso sold propane gas, known under its trade name as " Essotane", to Conservative. Appellants read into evidence, from the examination before trial of Conservative as a party, testimony that the only gas it used during the period in question was Essotane. Since Conservative was examined as a party and not as a witness, its testimony was properly ruled to be not binding on Esso, and it was so received. However, when appellants' expert witness was asked on direct examination to assume that the gas involved was " propane gas known as Essotane ", no objection was

raised by Esso, which subsequently cross-examined him at great length with reference to Essotane and its properties. Bearing in mind that the appellant in the death action is not to be held to a high degree of proof (*Noseworthy* v. *City of New York*, 298 N. Y. 76), and granting to appellants every favorable inference that may be drawn from the evidence, to which they are presently entitled by virtue of the dismissal at the end of their cases, said expert testimony was sufficient to show, prima facie, that the gas involved was Essotane. Nor may this appellate court disregard the testimony of Conservative on this subject, notwithstanding that it was received as not binding on Esso (*Flora* v. *Carbean*, 38 N. Y. 111; *Gries* v. *Long Island Home Ltd.*, 274 App. Div. 938; *Levy* v. *Louvre Realty Co.*, 222 N. Y. 14, 21). The record shows that appellants' attorney justifiably assumed that he had proved that the gas in question was Essotane. In any event, such proof could readily be supplied upon a retrial. It is our view that the appellant in the death action is entitled to the opportunity to do so. Upon such retrial the cause of action for property damage should also be retried, in the interests of justice.