■ ROSALIE DALEY, Respondent, v TWO PENN PLAZA ASSOCIATES, Respondent, and MADISON SQUARE GARDEN CENTER, INC., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered April 25, 1988, which, *inter alia,* denied defendant-appellant's motion for summary judgment, unanimously modified, on the law, defendant-appellant's motion for summary judgment is granted, and the complaint as against defendant-appellant Madison Square Garden Center, Inc. dismissed, without costs.

Plaintiff-respondent commenced this action to recover for personal injuries sustained as the result of her fall on an escalator located at 2-4 Penn Plaza in Manhattan. In her verified bill of particulars, she identified the escalator as the "down escalator from the entrance to 2 Penn Plaza, on Seventh Avenue between the taxi stand and Madison Square Garden in New York City". In its verified answer, defendant, Madison Square Garden Center, Inc., denied ownership, control, management or maintenance of the escalator on which plaintiff had been injured. Defendant moved for summary judgment on this ground and, in support of the motion, it submitted the affidavit of its vice-president of building operations.

In opposition to the motion, plaintiff's attorney submitted an affirmation stating that "there still may be an open factual question as to the exact location of the *situs* of the accident based upon the description of the location in plaintiff's deposition taken on November 12, 1987." Defendant-respondent, Two Penn Plaza Associates, joined in opposition to the motion, claiming that the exact location of the incident "remains unclear". Madison Square Garden Center, Inc. moved to strike the November 12 deposition on the ground that it had re-

ceived no notice of the deposition which had been taken after it had moved for summary judgment on November 6, 1987, in violation of the automatic stay of discovery under CPLR 3214. Further, defendant-appellant argued that the affirmation of plaintiff's counsel was insufficient to defeat its motion for summary judgment.

Supreme Court properly struck the November 12 examination before trial, but erred in denying defendant-appellant's motion for summary judgment. It was incumbent upon plaintiff, once appellant made a prima facie showing that it was entitled to summary judgment, to come forward with evidentiary proof in admissible form in opposition to the motion (*Peckman v Mutual Life Ins. Co.,* 125 AD2d 244, 246 [1st Dept 1986]). The affidavit of plaintiff's counsel, who did not have personal knowledge of the facts, was insufficient, particularly in light of the verified and specific description of the site of the accident given in plaintiff's verified bill of particulars (*Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717 [1986]; *Simpson v Term Indus.,* 126 AD2d 484, 485 [1st Dept 1987]). Concur—Kupferman, J. P., Kassal, Rosenberger, Wallach and Smith, JJ.