■ Maria Tortoriello et al., Appellants, v Bally Case, Inc., et al., Respondents, et al., Defendant. (And a Third-, Fourth- and Fifth-Party Action.) [606 NYS2d 625] —Judgment, Supreme Court, Bronx County (Hansel McGee, J.), entered June 15, 1992, which, *inter alia,* granted the motion of defendants Taylor-Mitchell and Smith Globe & Schreckinger and

the cross-motions of defendants H. Weiss Co., Pressberg Binder, Inc., and Bally Case, Inc., pursuant to CPLR 3212 for summary judgment dismissing the complaint and various cross-claims, unanimously modified on the law, insofar as to deny defendant Taylor-Mitchell's motion for summary judgment, to dismiss any and all cross-claims asserted against defendants Pressberg Binder, Inc. and H. Weiss Co., and to dismiss the third- and fourth-party actions in their entirety and to dismiss the fifth-party action as against defendants Smith Globe & Schreckinger, H. Weiss Co., Pressberg Binder, Inc., and Bally Case, Inc. and otherwise affirmed, without costs.

Plaintiff Maria Tortoriello was injured on August 11, 1983, when she slipped and fell on ice which had accumulated on the floor inside a walk-in freezer located in Westchester Square Hospital. At the time of the incident plaintiff was employed by the defendant hospital as a dietician's aide. The freezer was located in a new wing of the hospital which had been recently constructed. Defendant, Ferrenz, Taylor, Clark and Associates, Inc., the architectural firm hired by Westchester Square Hospital to design and render the plans and specifications for the new wing, is not a party to this appeal. Defendant Taylor-Mitchell was the general contractor for the project. Defendant H. Weiss Co. was the subcontractor who sold the kitchen components including the walk-in freezer to the hospital. Defendant Bally Case, Inc. manufactured all the component parts of the freezer, except the flooring. Defendant Pressberg Binder, Inc. was the manufacturer's representative for Bally Case, Inc., who engaged defendant Smith Globe & Schreckinger to install all of the components of the freezer except the flooring. The quarry tile flooring was apparently installed in March 1981 by an unidentified subcontractor.

It has been repeatedly held that, in order to obtain summary judgment, the movant must establish its position sufficiently to warrant a court's directing judgment in its favor as a matter of law (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967, citing Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068). The party opposing summary judgment must produce evidentiary proof in admissible form sufficient to require a trial on material issues of fact on which the opposing claim rests (supra, at 967, citing Zuckerman v City of New York, 49 NY2d 557, 562, supra).

Plaintiffs' claims against the moving defendants were based

exclusively on the use of quarry tile flooring inside the freezer unit. Defendants Pressberg Binder, Inc., the manufacturer's representative for Bally Case, Inc., and H. Weiss Co., the kitchen equipment seller, both demonstrated that they had no part in or knowledge of the use of quarry tile as the flooring for the freezer. Plaintiffs' failure to produce admissible evidence to the contrary warranted the granting of summary judgment in favor of these defendants on plaintiffs' complaint as well as upon any cross-claims asserted against them. Given that the plaintiffs' claims and the cross-claims have been dismissed, the third- and fourth-party actions commenced by these defendants should be dismissed as well.

We also find that summary judgment was properly granted to Bally Case, Inc. While Bally Case, Inc., in its own literature depicted quarry tile as one of three available floor materials for walk-in freezers, it is not disputed that Bally Case, Inc. did not manufacture, deliver or install the quarry tile used in the hospital's freezer. The evidence in the record establishes only that Bally Case, Inc. manufactured the walls, ceiling, refrigeration and condensing units which were to be integrated into the freezer pursuant to the design and specifications set by the architect, Ferrenz, Taylor, Clark and Associates, Inc., and the general contractor, Taylor-Mitchell. There is no evidence that Bally Case, Inc. had anything to do with the actual choice of flooring made by the architect and general contractor. Under the circumstances of this case, we decline to hold that a question exists as to whether Bally Case, Inc. had a duty to warn the prospective purchasers herein about the use of quarry tile flooring with its components for walk-in freezers *(cf., Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289, 297-298).

While Taylor-Mitchell, in support of its motion for summary judgment, claimed that there was no basis upon which liability for the choice of flooring could be imposed upon it, there is evidence in record, particularly the deposition testimony of Ferrenz, Taylor, Clark and Associates, Inc.'s employee John H. Husby, which cleary gives rise to an issue of fact concerning Taylor-Mitchell's involvement in the selection of the quarry tile flooring. We reject Taylor-Mitchell's claim that it could not be held liable for a possible latent defect in the flooring material as it was in an optimal position to eliminate the dangers attendant to such a defect *(see, Micallef v Miehle Co.,* 39 NY2d 376, 386-387). Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.