OPINION OF THE COURT
 

 Levine, J.
 

 Plaintiff was severely injured when struck in the head by a part of a multipiece truck tire rim which explosively separated when the tire which had just been inflated on it was dropped by an employee of defendant All-Inn Trucking, Inc. The ac
 
 *600
 
 cident occurred September 17, 1991. Presuit discovery orders were granted on behalf of plaintiff, as well as a temporary order requiring All-Inn to preserve all of its truck tire rims on its vehicles and at its premises. Pursuant to the discovery orders, the deposition of Joseph Biassi, president of All-Inn, was taken October 21, 1991, Carl J. Lange, plaintiff’s expert, examined and inventoried rims on All-Inn trucks and at its premises on October 26, 1991 and plaintiff’s expert O.J. Hahn examined the rims on all 10 of All-Inn’s trucks and those stored on its premises on December 7, 1991. Hahn identified three rims, all manufactured and designed by defendants Firestone Tire & Rubber Company and Bridgestone/Firestone, Inc. (collectively referred to as Firestone), as being the only rims of All-Inn that could have been involved in the accident. This theory was based on the assertion that the rims evidenced signs of substantial "chording”, i.e., being distorted and out of round, which Hahn opined was the cause of the explosive separation of the rim involved in plaintiff’s accident. According to plaintiff, the three rims were marked for identification and left in the custody of All-Inn’s expert pursuant to an understanding with the trucking company’s insurance carrier that they would be preserved.
 

 Plaintiff commenced this action against Firestone and All-Inn in June 1992. The causes of action against Firestone were grounded in negligence and strict products liability under both manufacturing defect and design defect theories. Approximately a year later, it was disclosed that All-Inn had lost the three rims identified by plaintiff’s expert Hahn as the possible instrumentalities for the rim involved in the accident.
 

 Firestone then moved for summary judgment, asserting that it was undisputed that the multipiece rim which plaintiff alleged caused the accident was irretrievably lost and that, therefore, plaintiff’s evidence was insufficient as a matter of law to establish the identity of the manufacturer of the offending rim or that a defect in that product caused the accident. Supreme Court denied Firestone’s motion, concluding that there was sufficient circumstantial evidence to implicate Fire-stone as the manufacturer of the accident-causing rim. The court further concluded that a triable issue of fact was presented that the rim’s defective design was the cause of its explosive separation, based upon plaintiff’s expert Hahn’s opinion excluding any other possible cause.
 

 A majority at the Appellate Division agreed with Supreme Court that plaintiff had submitted sufficient circumstantial ev
 
 *601
 
 idence to permit the inference that Firestone made the accident rim (212 AD2d 351). The Court also held that, as to the plaintiff's design defect strict products liability cause of action, Firestone was not prejudiced by the disappearance of the suspect rims identified by plaintiff's expert, since the actual design of the product could be independently established. The Court, however, concluded that the disappearance of the rims "fatally prejudiced” Firestone’s defense against plaintiff’s negligence and manufacturing defect causes of action
 
 {id.,
 
 at 352) and, therefore, modified Supreme Court’s order by dismissing those claims, leaving intact only the design defect cause of action. The Appellate Division then granted Firestone leave upon the certified question, "[w]as the order of [that] Court, which modified the order of the Supreme Court, properly made?” The parties agree that the certified question presents two issues: (1) whether there was sufficient evidence to identify Firestone as the manufacturer of the offending rim, and (2) whether the plaintiff’s inability to identify the actual rim involved in the accident fatally prejudiced Firestone in defending plaintiff’s claim that the accident was due to the design of the rim and not another cause.
 

 We reverse and answer the certified question in the negative. This case presents no exception to the general rule that one of the necessary elements plaintiff in a strict products liability cause of action must establish by competent proof is that it was the defendant who manufactured and placed in the stream of commerce the injury-causing defective product
 
 (see, Hymowitz v Lilly & Co.,
 
 73 NY2d 487, 504,
 
 cert denied
 
 493 US 944;
 
 Morrissey v Conservative Gas Corp.,
 
 285 App Div 825,
 
 affd
 
 1 NY2d 741).
 

 The identity of the manufacturer of a defective product may be established by circumstantial evidence
 
 (see, Taylor v General Battery Corp.,
 
 183 AD2d 990, 991;
 
 Otis v Bausch & Lomb,
 
 143 AD2d 649, 650;
 
 Prata v National R. R. Passenger Corp.,
 
 70 AD2d 114, 118,
 
 appeal dismissed
 
 48 NY2d 975; 1 Weinberger, New York Products Liability § 8:05). Moreover, circumstantial evidence may sufficiently demonstrate the maker’s identity, notwithstanding the destruction of the allegedly defective product after use
 
 (see, Taylor v General Battery Corp., supra; Otis v Bausch & Lomb, supra).
 

 The circumstantial evidence of identity of the manufacturer of a defective product causing personal injury must establish that it is reasonably probable, not merely possible or evenly balanced, that the defendant was the source of the offending
 
 *602
 
 product
 
 (see, D’Amico v Manufacturers Hanover Trust Co.,
 
 173 AD2d 263, 266;
 
 see also, Vecta Contract v Lynch,
 
 444 So 2d 1093 [Fla Ct App 4th Dist],
 
 review denied
 
 453 So 2d 44;
 
 Naden v Celotex Corp.,
 
 190 Ill App 3d 410, 415, 546 NE2d 766, 769 [circumstantial evidence in a products liability case "must justify an inference of probability as distinguished from mere possibility”]). Speculative or conjectural evidence of the manufacturer’s identity is not enough
 
 (D’Amico v Manufacturers Hanover Trust Co.,
 
 supra;
 
 Perez v New York Tel. Co.,
 
 161 AD2d 191, 192;
 
 Sosa v Joyce Beverages,
 
 159 AD2d 335, 337).
 

 Plaintiffs proof was insufficient to establish any reasonable probability that a Firestone rim caused plaintiffs accident. Biassi, who was on the All-Inn premises when the accident occurred, testified at his presuit deposition on October 21, 1991 that the rim that explosively separated and injured plaintiff was a three-piece rim. There was uncontested evidence that at least six companies in addition to Firestone made three-piece truck tire rims. These Firestone rims were distributed under the brand name "Accu-Ride”. In 1986, however, Firestone ceased making rims, having sold its rim manufacturing assets and rim design to an unrelated company called Accuride Corporation.
 

 Biassi also testified at his deposition that the accident rim was reassembled the day after the incident and was either installed on one of All-Inn’s trucks or placed against the wall of a shed at the trucking company’s premises. Biassi emphatically denied present knowledge of the whereabouts of the particular rim involved in the accident. He kept no records of his purchases of rims, stating that rims were usually acquired in used condition "from guys selling rims, guys coming by” or from truckers going out of business.
 

 Notably, at his deposition, Biassi was not asked whether, nor did he confirm that, the accident rim was still in the possession of All-Inn when the deposition took place some five weeks after the accident. Indeed, in a subsequent affidavit Biassi averred that tires and rims on the All-Inn trucks were changed frequently because of severe use on equipment primarily driven to haul dirt and gravel over rough terrain, and that broken and worn-out rims were discarded without any inventory control. Thus, Biassi’s evidence raised a substantial question as to whether the actual rim that explosively separated to cause plaintiffs injuries remained in the possession of All-Inn during the subsequent inspections of the rims on its trucks and at its premises by plaintiffs experts.
 

 
 *603
 
 The foregoing evidentiary gap was not filled by the affidavit of Lange, plaintiffs expert, who conducted an examination and inventory of rims at All-Inn’s premises and on its trucks on October 26, 1991. He examined a total of 89 rims, of which he identified 85 as "FiREsroNE-deszgnec? Accu-Ride 5° Radial Commander” (emphasis supplied). Lange gave reasons for excluding the remaining four rims as suspects in causing plaintiffs accident. Lange, however, did not examine an unspecified number of inside tandem rims on the All-Inn trucks. Moreover, as already noted, the rims Lange described as "firestonedesigned Accu-Ride” could well have included rims manufactured by Accuride Corporation after the 1986 sale of all of Firestone’s truck tire rim-making operations.
 

 Equally unavailing to prove identity of the manufacturer was the affidavit of plaintiff’s expert Hahn regarding his December 7, 1991 examination of the rims on all 10 of All-Inn’s trucks and the spare rims on its premises. It is true that Hahn identified three specific rims as being capable of causing plaintiffs accident because of their physical condition and that he established that those rims were definitely manufactured by Firestone from the markings on them. Hahn, however, described the rims he examined on six of the 10 All-Inn trucks as being "of the Accu-Ride 5° Radial Commander three-piece type”, in contrast to the "FiRESTONE-manufactured” rims he described finding on other trucks or in storage on the premises.
 

 The foregoing was the only evidence relevant to the identification of Firestone as the manufacturer of the actual accident rim, and it was insufficient to establish any reasonable probability that Firestone made the offending product. Of primary significance, no reasonable inference could be drawn from Biassi’s deposition and affidavit that the accident-causing rim was retained by All-Inn so as to have been available for subsequent inspection and identification by plaintiffs experts. The affidavit of those experts could not cure this defect in proof. Indeed, their averments were insufficient even to establish a definite likelihood that a significant preponderance of the rims they inspected were actually manufactured by Firestone. Consequently, plaintiff has failed to raise a triable issue of fact on the identity of Firestone as the manufacturer of the allegedly defective product in this case
 
 (see, Franov v Exxon Co.,
 
 178 AD2d 327, 328,
 
 lv dismissed
 
 80 NY2d 822;
 
 D’Amico v Manufacturers Hanover Trust Co.,
 
 173 AD2d, at 267,
 
 supra; cf., Prata v National R. R. Passenger Corp.,
 
 70 AD2d 114,
 
 supra).
 

 Our disposition of this issue renders discussion of the second issue unnecessary. Accordingly, the order of the Appellate
 
 *604
 
 Division, insofar as appealed from, should be reversed, summary judgment should be granted dismissing the complaint in its entirety as against defendants Firestone Tire & Rubber Company and Bridgestone/Firestone, Inc., and the certified question answered in the negative, with costs to those defendants.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order, insofar as appealed from, reversed, with costs to defendants-appellants, summary judgment granted dismissing the complaint as against defendants Firestone Tire & Rubber Company and Bridgestone/Firestone, Inc., and certified question answered in the negative.