██ LAWRENCE MONACO et al., Appellants-Respondents, v CAMIE-CAMPBELL, INC., et al., Respondents, and PENNSYLVANIA PACIFIC CORPORATION, Appellant. (Action No. 1.) NIAGARA MOHAWK POWER CORPORATION, Third-Party Plaintiff, v PILLSBURY COMPANY, Third-Party Defendant-Respondent. DENNIS JENNER et al., Appellants, v CAMIE-CAMPBELL, INC., et al., Respondents, and PENNSYLVANIA PACIFIC CORPORATION, Appellant-

Respondent. (Action No. 2.) NIAGARA MOHAWK POWER CORPO-RATION, Third-Party Plaintiff, v PILLSBURY COMPANY, Third-Party Defendant-Respondent. [682 NYS2d 510] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In these consolidated actions plaintiffs seek damages for personal injuries sustained by plaintiff Lawrence Monaco (Monaco) and plaintiff Dennis Jenner (Jenner) in an industrial accident. The accident occurred in the transformer room of a plant owned by the employer of Monaco and Jenner, third-party defendant, The Pillsbury Company (Pillsbury). At the time of the accident, Monaco and Jenner were preparing the transformer room for fumigation. While Monaco was on an aluminum ladder sealing a window with an aerosol adhesive, an explosion occurred, causing Monaco and Jenner to sustain burn injuries. Plaintiffs commenced the instant actions against defendants Camie-Campbell, Inc. (Camie-Campbell) and Pennsylvania Pacific Corporation (PPC), the alleged manufacturers of the aerosol adhesive, and Niagara Mohawk Power Corporation (Niagara Mohawk).

Supreme Court properly granted Niagara Mohawk's cross motion for summary judgment dismissing the complaints. Niagara Mohawk established its entitlement to judgment as a matter of law by submitting proof establishing that the accident was not within the reasonably foreseeable risks that it had a duty to protect against (*see, Di Ponzio v Riordan*, 89 NY2d 578, 583). Plaintiffs' submissions in opposition, based upon speculation that Niagara Mohawk knew or should have known of the nature of the fumigation process undertaken at the Pillsbury plant, are insufficient to defeat Niagara Mohawk's entitlement to summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

The court also properly granted the motion of Camie-Campbell for summary judgment dismissing the complaints and the motion of PPC insofar as it sought summary judgment dismissing the Jenner complaint. Those defendants denied that they supplied the aerosol adhesive that allegedly ignited, and plaintiffs offered no evidence identifying either of them as the manufacturer of the allegedly defective product (*see, Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601; *D'Amico v Manufacturers Hanover Trust Co.*, 173 AD2d 263, 265).

The court erred, however, in granting the motion of the Monaco plaintiffs for a default judgment against PPC based upon its failure to produce a witness for a deposition. That "harsh remedy * * * is generally not warranted 'absent a showing

that the noncomplying party's conduct was willful or contumacious'" (*Gaylord Bros. v RND Co.*, 134 AD2d 848, quoting *Sawh v Bridges*, 120 AD2d 74, 78). Because no such showing was made by the Monaco plaintiffs, it was an improvident exercise of discretion to grant a default judgment against PPC (*see, Mohammed v 919 Park Place Owners Corp.*, 245 AD2d 351, 352; *Gaylord Bros. v RND Co., supra*). Further, based upon the inability of the Monaco plaintiffs to identify PPC as a manufacturer of the aerosol adhesive involved in the accident, PPC is entitled to summary judgment dismissing the Monaco complaint. Thus, we modify the order by denying the motion of the Monaco plaintiffs for a default judgment against PPC and granting the motion of PPC for summary judgment dismissing the Monaco complaint.

Finally, we conclude that the court properly declined to consider the deposition that was taken by the Monaco plaintiffs on two days' notice (*see*, CPLR 3107), after the note of issue had been filed in the Monaco action (*see, Laudico v Sears, Roebuck & Co.*, 125 AD2d 960, 961) and the summary judgment motions were filed (*see, Daley v Two Penn Plaza Assocs.*, 148 AD2d 338). The final contention raised by plaintiffs, challenging that part of the order precluding the testimony of their experts, is academic in light of our resolution of the other issues. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.