■ DANIEL MOFFETT et al., Appellants-Respondents, v HARRISON AND BURROWES BRIDGE CONTRACTORS, INC., Defendant and Third-Party Plaintiff-Respondent, and POWERTRACK INTERNATIONAL, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. JET BLAST HYDRODEMOLITION CORPORATION, Third-Party Defendant-Respondent. [698 NYS2d 109] —Peters, J. Appeal from an order of the Supreme Court (Keegan, J.), entered July 20, 1998 in Albany County, which (1) granted the motion of defendant Harrison and Burrowes Bridge Contractors, Inc. for summary judgment dismissing the complaint and all cross claims against it, and (2) denied the motion of defendant Powertrack International, Inc. for summary judgment dismissing the complaint and all cross claims against it.

In May 1993, plaintiff Daniel Moffett (hereinafter plaintiff) was employed as a demolition worker by third-party defendant, Jet Blast Hydrodemolition Corporation, when he was injured by a high-pressure water hose that came loose from its coupling, causing a leg fracture. Jet Blast was a subcontractor of defendant Harrison and Burrowes Bridge Contractors, Inc. (hereinafter Harrison & Burrowes) who was hired to remove old concrete in connection with a bridge rehabilitation project. The hydrodemolition unit used by plaintiff was manufactured

by FIP Industriale of Italy while the hose was manufactured by defendant British Tire and Rubber Corporation (hereinafter BTR). Defendant Powertrack International, Inc. was the exclusive distributor of BTR hoses as well as couplings used on such hoses manufactured by Dunlop Hi-Flex, a wholly owned subsidiary of BTR.

Plaintiff, and his spouse derivatively, commenced an action against Harrison & Burrowes predicated upon violations of Labor Law §§ 200 and 241 (6) and common-law negligence. A second action was commenced against Powertrack and BTR alleging negligence, strict products liability and breach of express and implied warranties. Harrison & Burrowes and Powertrack thereafter sought indemnification from Jet Blast. All of these actions were consolidated by order of Supreme Court and plaintiffs were awarded a default judgment against BTR. Following discovery, both Powertrack and Harrison & Burrowes moved for summary judgment. While Harrison & Burrowes contended that there neither existed a violation of the Industrial Code nor facts supporting its exercise of supervision or control over Jet Blast, Powertrack alleged that it did not fabricate the hose or fitting in question. Supreme Court found the existence of a triable issue of fact and denied Powertrack's motion but granted the motion of Harrison & Burrowes. Both plaintiffs and Powertrack appeal from so much of the order which granted Harrison & Burrowes' motion and Powertrack appeals from the denial of its motion.

Addressing first Powertrack's motion for summary judgment, it contends, while admitting that the hose and its defective coupling were manufactured by BTR, that the markings on the hose establish that it did not distribute the hose because all of its hoses carry the name "Powertrack", not "Powertrak" as marked on the hose in question. Powertrack further contends that all of its hoses are stamped with its own product numbers, rather than BTR's markings, and that the BTR markings on this hose fitting indicated that it was from Dunlop Hi-Flex. No shipping records from Powertrack to Jet Blast or purchase orders from Jet Blast were submitted with this motion.

The testimony of Timothy Murray, a co-employee of plaintiff and hydrodemolition technician for Jet Blast, was offered by plaintiff. Murray, who had been assigned the exclusive use of the hydrodemolisher in question for the previous year, testified that during this time all of the hoses on such machine had been replaced with high-pressure hoses supplied from Powertrack. This testimony specifically contradicted Powertrack's contention that the only viable explanation for Jet Blast's

acquisition of the defective hose with BTR markings must be that it came from a piece of original equipment. Record evidence further established that Powertrack was the exclusive distributor of BTR hoses in this country from 1984 until 1994 as well as the exclusive distributor of the Dunlop Hi-Flex fittings used here. Although plaintiff could not produce a complete set of invoices from Powertrack to Jet Blast, those which were provided detailed sales of hoses with a BTR hose part number identical to those on the hose in question. It was further established that Powertrack had provided this identical length and specification of hose to Jet Blast for prior years. Powertrack's president, Edward Condon, testified that there would be occasions when BTR hoses would come through its warehouses with a BTR number, explaining that Powertrack had no warehouse inspection procedures or policies in place to specifically identify BTR's, as opposed to Powertrack's, part numbers or lettering on hoses for possible return.

Upon this showing, we conclude that the circumstantial evidence presented indicated that "it [was] reasonably probable, not merely possible or evenly balanced, that [Powertrack] was the source of the offending product" (*Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601-602; *see, Raymond v DiStefano*, 222 AD2d 810) and reiterate our caveat that "[m]erely highlighting apparent gaps in [the] adversary's case does not entitle the moving party to summary judgment" (*Clark v Globe Bus. Furniture*, 237 AD2d 846, 847).

Nor do we find any basis for reversing Supreme Court's dismissal of all causes of action against Harrison & Burrowes. Labor Law § 241 (6) imposes a nondelegable duty upon contractors, regardless of their degree of control or supervision, "to provide reasonable and adequate protection and safety to the persons employed therein" (Labor Law § 241 [6]; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *Lawyer v Rotterdam Ventures*, 204 AD2d 878, 878-879, *lv dismissed* 84 NY2d 864). To maintain this cause of action, plaintiff must demonstrate a violation of a regulation of the Commissioner of Labor containing specific commands and standards factually similar to the circumstances under which the injury arose (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*; *Baird v Lydall, Inc.*, 210 AD2d 577). Upon our review of the sections of the Industrial Code to which plaintiffs cite,* we find that they either recite general standards of care (*see, Creamer v Amsterdam High School*, 241 AD2d 589, 591; *Armer v General Elec.*

---

* Plaintiffs cite to, *inter alia*, 12 NYCRR 23-1.4, 23-1.5, 23-1.25, 23-9.2 and 23-9.10.

*Co.*, 241 AD2d 581, 583, *lv denied* 90 NY2d 812), are sections positing no specific concrete command or pertain to circumstances factually inapplicable to the instant matter (*see*, *Francis v Aluminum Co.*, 240 AD2d 985, 987).

Finally addressing the Labor Law § 200 and common-law negligence claims, we again agree with Supreme Court's dismissal thereof since the record evidence, including plaintiff's own testimony, established that Harrison & Burrowes did not exercise any degree of supervision or control over the hydro-demolition work (*see*, *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Armer v General Elec. Co.*, *supra*).

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.