■ MIRIAM BROWN et al., Respondents, v ELM PLUMBING SUPPLY, LIMITED, et al., Appellants. (And a Third-Party Action.) [706 NYS2d 909] —In an action to recover damages for personal injuries, etc., the defendants Western American Manufacturing, Inc., and Elm Plumbing Supply, Limited, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 28, 1999, as denied their respective motion and cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion and cross motion are granted, and the complaint and all cross claims are dismissed.

While the identity of a manufacturer/distributor and/or seller of a defective product may be established by circumstantial evidence (*see, Healey v Firestone Tire & Rubber Co.,* 87 NY2d 596, 601), the circumstantial evidence must establish that it is reasonably probable, not merely possible, that a defendant was the source of the offending product (*see, Healey v Firestone Tire & Rubber Co., supra*). The plaintiffs did not establish that it was reasonably probable that the appellants were the source of the allegedly defective product. Moreover, assuming that the appellants, Western American Manufacturing, Inc., and Elm Plumbing Supply, Limited, were the respective manufacturer/distributor and seller of the product which allegedly caused the infant plaintiff's injuries, the plaintiffs failed to establish that the product was in fact defective (*see, Rosado v Proctor & Schwartz,* 66 NY2d 21, 25; *D'Elia v Gleason Funeral Homes,* 250 AD2d 803).

The plaintiffs' remaining contentions are without merit. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.