■ RICHARD K. BRENNER et al., as Parents and Natural Guardians of RICHARD BRENNER, III, an Infant, Appellants, et al., Plaintiff, v AMERICAN CYANAMID COMPANY, as Successor in Interest to MACGREGOR LEAD COMPANY, et al., Respondents, et al., Defendant. [732 NYS2d 799] —Order and judgment unanimously affirmed without costs. Memorandum: Richard K. Brenner and Terry L. Brenner (plaintiffs) commenced this action seeking damages for injuries sustained by their child as a result of lead poisoning. All defendants with the exception of SCM Chemicals, Inc. and Eagle-Picher Industries, Inc. previously moved for partial summary judgment dismissing the causes of action for enterprise liability, market share liability, and alternative liability. Supreme Court granted in part the motions of those defendants (hereafter defendants) and dismissed the enterprise liability and alternative liability causes of action. On a prior appeal, we determined that the court should have granted defendants' motions in their entirety (*Brenner v American Cyanamid Co.*, 263 AD2d 165). Defendants thereafter moved for summary judgment dismissing the remaining causes of action in the amended complaint. The court granted defendants' motion, and we affirm.

We reject plaintiffs' contention that the court erred in dismissing the civil conspiracy cause of action. "[T]here is no independent tort in New York for civil conspiracy" (*Niagara Mohawk Power Corp. v Testone*, 272 AD2d 910, 911; *see, American Baptist Churches v Galloway*, 271 AD2d 92, 101). Rather, "[a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort" (*Alexander & Alexander v Fritzen*, 68 NY2d 968, 969).

With respect to the strict products liability and negligence causes of action, plaintiffs admitted that they could not identify which defendant had manufactured the lead pigment found in their residence. Defendants thus met their initial burden with respect to those causes of action by establishing that plaintiffs could not satisfy the identification requirement (*see, Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601-603; *Gifaldi v Dumont Co.*, 172 AD2d 1025, 1025-1026), and plaintiffs failed to raise a triable issue of fact (*see, Brown v Elm Plumbing Supply*, 271 AD2d 469; *Escarria v American Gage & Mfg. Co.*, 261 AD2d 434; *Monaco v Camie-Campbell, Inc.*, 256 AD2d 1214, 1215, *lv dismissed in part and denied in part* 93 NY2d 887).

In the fraud cause of action, plaintiffs alleged that defendants engaged in fraud by promoting the use of lead pigments in paint without proper tests or warnings, and·suppressed information and research regarding the toxic effects of lead paint on children. The necessary elements of a fraud cause of action are "a representation of material fact, falsity, scienter, reliance and injury" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57). Here, defendants met their initial burden with respect to the fraud cause of action, and plaintiffs failed to raise a triable issue of fact concerning the reliance element (*see, Sabater v Lead Indus. Assn.*, 183 Misc 2d 759, 770; *see also, Jefferson v Lead Indus. Assn.*, 930 F Supp 241, 248, *affd* 106 F3d 1245).

A cause of action for concerted action requires the existence of an independent tort to provide a basis for liability (*see, Small v Lorillard Tobacco Co., supra*, at 43, 57). "It is essential that each defendant charged with acting in concert have acted tortiously and that one of the defendants committed an act in pursuance of the agreement which constitutes a tort" (*Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 295). Furthermore, "[p]arallel activity among companies developing and marketing the same product, without more * * * 'is insufficient to establish the agreement element necessary to maintain a concerted action claim' " (*Rastelli v Goodyear Tire & Rubber Co., supra,* at 295, quoting *Hymowitz v Eli Lilly & Co.*, 73 NY2d 487, 506, *cert denied* 493 US 944). Here, defendants met their initial burden, and plaintiffs failed to raise triable issues of fact whether defendants acted tortiously and were "parties to an agreement or common scheme to commit a tort" (*Rastelli v Goodyear Tire & Rubber Co., supra,* at 296). The three independent torts upon which plaintiffs rely are strict products liability, negligence, and fraud. As we have determined herein, all three of those causes of action were properly dismissed, and thus the court also properly dismissed the cause of action for concerted action in the absence of an independent tort as a basis for liability (*see, Small v Lorillard Tobacco Co., supra,* at 57). (Appeal from Order and Judgment of Supreme Court, Erie County, Dillon, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.