■ MICHAEL THOMPSON, Respondent-Appellant, and DEBORAH THOMPSON, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant-Respondent and Third-Party Plaintiff-Respondent. JET CONCRETE FORMING ACCESSORIES, INC., Third-Party Defendant-Appellant. [758 NYS2d 446] —Appeals and cross appeal from an order of Supreme Court, Erie County (Fahey, J.), entered July 19, 2002, which, inter alia, denied the motion of third-party defendant seeking summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion in part and dismissing the affirmative defense of comparative negligence and as modified the order is affirmed without costs.

Memorandum: Michael Thompson (plaintiff) commenced this action seeking damages for injuries he allegedly sustained during the course of his employment with defendant-third-party plaintiff, Consolidated Rail Corporation (Conrail). On April 12, 1995 plaintiff fell backwards while using a "stakepuller" to remove metal stakes from wooden forms used when pouring concrete. Supreme Court properly denied that part of Conrail's motion seeking summary judgment dismissing the Federal Employers' Liability Act (45 USC § 51 *et seq.*) cause of action. Although Conrail met its initial burden on the motion, plaintiff raised an issue of fact whether Conrail " 'played *any* part, *even the slightest,* in producing the injury' " (*Gadsden v Port Auth. Trans-Hudson Corp.,* 140 F3d 207, 209 [2d Cir 1998]; *see Pidgeon v Metro-North Commuter R.R.,* 248 AD2d 318, 318-319 [1998]; *see also Miles v Consolidated Rail Corp.,* 261 AD2d 969 [1999]). The court also properly denied the motion of third-

party defendant, Jet Concrete Forming Accessories, Inc. (Jet Concrete), seeking summary judgment dismissing the third-party complaint. Although Jet Concrete met its initial burden by establishing that it is not the manufacturer of the stakepuller, Conrail established that it is "reasonably probable, not merely possible or evenly balanced" (*Healey v Firestone Tire & Rubber Co.,* 87 NY2d 596, 601 [1996]), that Jet Concrete is the manufacturer of the stakepuller, and thus raised an issue of fact sufficient to defeat the motion. The court erred, however, in denying that part of plaintiff's cross motion seeking dismissal of Conrail's affirmative defense of comparative negligence. Plaintiff met his initial burden by establishing that he used the stakepuller in the manner directed by his employer and Conrail failed to raise an issue of fact whether plaintiff was negligent (*cf. Nahrebeski v Molnar,* 286 AD2d 891, 891 [2001]). We therefore modify the order by granting plaintiff's cross motion in part and dismissing that affirmative defense. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.