■ HARRY R. BAUM, JR., Respondent, v ECO-TEC, INC., et al., Appellants. [773 NYS2d 161]—

Cardona, P.J. Appeal from an order of the Supreme Court (Best, J.), entered April 8, 2003 in Montgomery County, which partially denied defendants' motions for summary judgment dismissing the complaint.

This litigation arises out of injuries sustained by plaintiff, a technician, at his workplace. Plaintiff's duties included periodic inspections of an industrial device called a crystallizer which was purchased by his employer (hereinafter Keyano) from defendant Eco-Tec, Inc. The crystallizer consists of a large tank used in a chemical process whereby a liquid solution of

aluminum is dissolved in sodium hydroxide and the aluminum is separated out in crystal form. The crystallizer contains a mechanical mixer which keeps the solution flowing. Whenever the machine is started up (before there is enough liquid in the tank to operate the mixer), long, hollow, metal "air pipes" attached to air hoses and compressors are used to agitate the liquid to prevent it from solidifying. At the time of installation, defendant Walgren Company, pursuant to specifications provided by Eco-Tec, manufactured two air pipes that were permanently attached to air compressors to be used for that purpose. Furthermore, as a separate part of the regular operation of the crystallizer, the inside walls of the tank are periodically inspected for buildups of solid aluminum by inserting long metal rods or pipes into manholes at the top of the tank and tapping the inside surface, listening for the proper sound. The original installation instructions for the crystallizer set forth that "probe bars," described as long, solid metal pipes, be used for that inspection. However, probe bars were not provided[1] and, instead, at the time of the accident, Keyano's employees used four hollow air pipes. The air pipes were left at all times in the tank and used to check for buildups in a manner similar to a probe bar.[2]

On the day of the accident, plaintiff climbed up to the top of the tank and used the hollow air pipes to check for buildups. Unfortunately, after putting down the fourth air pipe, the caustic fluid in the crystallizer tank spurted out of the open end of the hollow pipe and sprayed his face and other parts of his body. Plaintiff commenced this action against defendants alleging causes of action in negligence, strict products liability and breach of warranty. Following joinder of issue, defendants moved for summary judgment and Supreme Court dismissed the warranty cause of action as time-barred, but declined to dismiss the remaining claims, prompting this appeal.

Initially, defendants contend that Supreme Court erred in failing to grant their summary judgment motions as to the design and manufacturing claims based upon plaintiff's failure to establish that an air pipe manufactured and supplied by them caused plaintiff's injuries. Notably, a defendant who seeks summary judgment claiming that it did not manufacture the allegedly defective product has the initial burden of establishing

---

1. The parties dispute whether it was the responsibility of Eco-Tec or Keyano to provide probe bars for the system.

2. When the crystallizer was in the start-up process, Keyano employees would apparently connect one of the air pipes to a detachable air hose to supply pressurized air.

that, as a matter of law, it did not manufacture the product in question; the plaintiff must then rebut this showing with affirmative evidence sufficient to create a reasonable inference that the defendant's product caused the injury (*see Clark v Globe Bus. Furniture*, 237 AD2d 846, 847 [1997]; *Antonucci v Emeco Indus.*, 223 AD2d 913, 914 [1996]; *see also Scheidel v A.C. & S., Inc.*, 258 AD2d 751, 754 [1999], *lv denied* 93 NY2d 809 [1999]).

Here, defendants point out that while the air pipes originally manufactured by Walgren and supplied by Eco-Tec had 90-degree elbow bends at the end protruding from the top of the tank and the pipes were permanently attached to an air hose by brass fittings, it is clear from plaintiff's testimony that there were four air pipes in use at the time of the accident without any elbow bends or couplings similar to those manufactured by Walgren nor were they permanently attached to air hoses. Notably, plaintiff has offered no theory upon which he could prove that the air pipe that caused his injury was provided by Walgren rather than one made by some other entity. Thus, it cannot be said that plaintiff established that it is "reasonably probable," as opposed to merely possible, that defendants were the source of the "offending product" (*Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601-602 [1996]; *see Moffett v Harrison & Burrowes Bridge Contrs.*, 266 AD2d 652, 654 [1999]). Moreover, even if it is assumed that Walgren manufactured some of the air pipes,[3] plaintiff cannot rely on the theory of alternative liability to prevail due to the fact that plaintiff has not identified the alternative manufacturer/supplier of the air pipes and, thus, cannot show that all potential tortfeasors are present in the case (*see New York Tel. Co. v AAER Sprayed Insulations*, 250 AD2d 49, 52-53 [1998]; *cf. Raymond v DiStefano*, 222 AD2d 810, 811 [1995]). Accordingly, Supreme Court should have dismissed all claims against defendants alleging design or manufacturing defects related to the air pipe.

Turning to the remaining claims alleging failure to warn, we find that summary judgment was properly denied to Eco-Tec on

---

**3.** We note that while plaintiff raises the possibility that some other entity modified the air pipes originally manufactured and supplied by defendants by removing the connection to the air supply and installing new, "quick disconnect" couplings, that possibility does not alter our conclusion as to the absence of proof in reference to identity. Accordingly, there is no reason to explore defendants' alternative contention that they would be relieved of liability for any design defect claims because the air pipes were substantially modified from their original form so as to render them unsafe (*see Scardefield v Telsmith, Inc.*, 267 AD2d 560, 561-562 [1999], *lv denied* 94 NY2d 761 [2000]).

this cause of action.[4] The record establishes that Eco-Tec was the supplier of the entire crystallizer system and provided training to Keyano employees as to its proper use. The record shows that Eco-Tec knew that hollow air pipes should not be used to probe for tank buildup and should be removed once the mixer was operating. Furthermore, Eco-Tec was aware that no solid probe bars were provided to Keyano, yet did not provide any warnings against the use of hollow air pipes as probe bars. As demonstrated by the proof, the air pipes originally supplied by Eco-Tec were the right length to use as probe bars and inserted into the same openings in the crystallizer as the probe bars. They were made of a proper material for use as probe bars and were the only items provided to the customer which resembled the probe bars illustrated in the installation manual for the crystallizer. Thus, regardless of whether Eco-Tec manufactured or supplied the actual air pipe involved in the accident, a question of fact remains as to whether the alleged modification or misuse of air pipes as probe bars when using the crystallizer system was foreseeable giving rise to a duty to warn of potential dangers associated therewith (see *Liriano v Hobart Corp.*, 92 NY2d 232, 240 [1998]; *McArdle v Navistar Intl. Corp.*, 293 AD2d 931, 933 [2002]; *Holloway v Willette Corp. of N.J.*, 280 AD2d 876, 877 [2001]; cf. *Tortoriello v Bally Case*, 200 AD2d 475, 477 [1994]).

The remaining arguments raised by the parties have been examined and found to be unpersuasive.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant Walgren Company's motion for summary judgment and as denied that part of defendant Eco-Tec, Inc.'s motion for summary judgment seeking dismissal of the design and/or manufacturing defect causes of action; motions granted to the extent of dismissing the failure to warn cause of action against Walgren and dismissing the design and/or manufacturing causes of action against both defendants; and, as so modified, affirmed.

4. Given the absence of proof that Walgren manufactured the air pipe involved in the accident, there is no basis for liability against it on a failure to warn theory, especially since it is undisputed that Walgren simply manufactured two air pipes in accordance with specifications provided by Eco-Tec and took no part in training Keyano employees as to their use (see generally *Tortoriello v Bally Case*, 200 AD2d 475, 477 [1994]).