JACQUELYN SULLIVAN, Appellant, v SUSAN HUTCHINSON et al., Defendants, and MR. SECONDS, INC., Respondent. [783 NYS2d 715]—

Mugglin, J. Appeal from an order of the Supreme Court (Dowd, J.), entered October 16, 2003 in Chenango County, which granted a motion by defendant Mr. Seconds, Inc. for summary judgment dismissing the complaint against it.

Plaintiff sustained deep lacerations to her right hand when a porcelain bathroom faucet shattered as she attempted to turn it. In this action, plaintiff seeks damages from, among others, the alleged retailer of the faucet, defendant Mr. Seconds, Inc. (hereinafter Seconds). Following completion of discovery, Seconds moved for summary judgment, relying on the affidavit of a long-time employee who claimed that other local retailers sold bathroom faucets, that he was unable to identify the faucet in question, and that it was not a faucet sold at any time by Seconds' predecessor in interest, Grossman's. Supreme Court granted the motion finding that plaintiff's evidence concerning the identity of the retailer of the faucet was not sufficient to create an issue of fact precluding summary judgment. Plaintiff appeals.

We affirm. Plaintiff's evidence concerning the identity of the retailer of the faucet consists of the initial claim of defendant Susan Hutchinson, the homeowner, that the faucet had been purchased at Grossman's, although she could not actually recall

doing so, this assertion being based upon her belief that Grossman's was "the only show in town" and that it was directly across the street from her property. At other points during her deposition testimony, Hutchinson could not recall purchasing the faucet, but claimed that she probably did. Additionally, she testified that it was her practice when shopping for such hardware "to go to all the hardware stores" which sold the desired merchandise. Generally, "[t]he circumstantial evidence of identity of the [supplier] of a defective product causing personal injury must establish that it is reasonably probable, not merely possible or evenly balanced, that the defendant was the source of the offending product" (*Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601-602 [1996]; *see Moffett v Harrison & Burrowes Bridge Contrs.*, 266 AD2d 652, 654 [1999]). Evidence which is simply conjectural or speculative of the supplier's identity is not sufficient (*see Healey v Firestone Tire & Rubber Co., supra* at 602). Here, plaintiff's circumstantial evidence of the identity of the retailer from whom the faucet was purchased does not rise to the level of reasonable probability.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.