**Anil W. TELANG, Plaintiff**

v.

**U.S. PAINT CORPORATION, Defendant**

**No. 04 CIV. 6489(SCR).**

United States District Court, S.D. New York.

March 28, 2005.

Anil W. Telang, Staatsburg, NY, pro se.

Daniel Joseph Hurteau, Nixon Peabody, LLP, Albany, NY, for Defendant.

### MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

Anil W. Telang (the "Plaintiff") brought this action against U.S. Paint Corporation (the "Defendant") in New York State Supreme Court, Dutchess County, on February 27, 2004. After receiving Plaintiff's summons and complaint, the Defendant removed the action to this court.

Plaintiff's complaint is handwritten, only two short pages long and, as a result, somewhat difficult to decipher. What is clear is that Plaintiff is seeking compensation for personal injury that he suffered when using a "vapor cartridge" allegedly manufactured by 3M but sold to Plaintiff by the Defendant.

Specifically, Plaintiff alleges that Nick Hall ("Hall"), an employee of U.S. Paint, recommended 3M's vapor cartridge after extensive discussions with the Plaintiff about Plaintiff's intended use of the product. Plaintiff claims that Hall confirmed that the 3M cartridge, properly refreshed, "would protect against hazardous transmission of hexamethylene diisocyanate and other toxic gases."

Despite Hall's assurances, Plaintiff claims, the cartridge "did not prevent transmission" of dangerous chemicals, which caused serious injuries to Plaintiff. Plaintiff insists that he used the product properly.

In August 2004, the Defendant filed a motion to dismiss the complaint, on the ground that Plaintiff was improperly suing U.S. Paint for a manufacturing defect in a product manufactured by another company, 3M.

After Defendant filed its motion, Plaintiff requested time to obtain counsel. After requesting, and receiving, several extensions of time, Plaintiff was ordered to proceed *pro se.* Specifically, Plaintiff was ordered to submit any opposition to Defendant's motion by February 15, 2005, but no opposition was filed. Plaintiff also failed to appear for an oral argument, which had been scheduled for March 28, 2005.

## II. Analysis

### A. Applicable Standard

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court accepts as true all material factual allegations in the complaint and draws all reasonable inferences in favor of the non-movant. *Still v. DeBuono,* 101 F.3d 888, 891 (2d Cir.1996). We may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 891.

■ Defendant correctly points out that a manufacturer who places into the stream of commerce a defective product that causes injury is potentially subject to three distinct claims of product liability. *See McCarthy v. Olin Corp.,* 119 F.3d 148, 154 (2d Cir.1997). The claims are: (1) a manufacturing defect, which results when a mistake in manufacturing renders a product that is ordinarily safe dangerous so that it causes harm, (2) a warning defect, which occurs when the inadequacy or failure to warn of a reasonably foreseeable risk accompanying a product causes harm, and (3) a design defect, which results when the product as designed is unreasonably dangerous for its intended use. *See id.* at 154–55 (internal citations omitted).

■ Defendant presumes that Plaintiff is bringing a design defect claim, and then argues that Plaintiff's complaint is inadequate because it fails to name the manufacturer as a defendant. If in fact Plaintiff is bringing such a claim, or any strict products liability claim for that matter, Defendant's argument would of course be persuasive. *See Healey v. Firestone Tire & Rubber Co.,* 87 N.Y.2d 596, 640 N.Y.S.2d 860, 663 N.E.2d 901, 903 (1996) (one of the necessary elements plaintiff in a strict products liability cause of action must establish by competent proof is that it was the defendant who manufactured and placed in the stream of commerce the injury-causing defective product).

But it is not clear to the court that Plaintiff is making such a claim. Much of Plaintiff's brief complaint is dedicated to the allegedly inaccurate advice that Plaintiff received from one of the Defendant's employees. Given the ambiguity surrounding the Plaintiff's complaint, and the latitude that a *pro se* Plaintiff ought to be given in setting forth his cause of action, the proper course at this time is to dismiss the Plaintiff's complaint while granting Plaintiff leave to replead.

## III. Conclusion

For the foregoing reasons, Plaintiff's complaint is dismissed, without prejudice. Plaintiff must file an amended complaint, which clearly states the claim(s) asserted and the legal basis thereof, by May 2, 2005.

It is so ordered.