07-5185-cv
*Nelson v. Ashland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand ten.

PRESENT:

JOHN M. WALKER, JR.,
GUIDO CALABRESI,
REENA RAGGI,
                    *Circuit Judges.*[*]

_____

JOAN NELSON, Individually, and as Representative of the Estate of John D. Nelson,
          *Plaintiff-Appellant*,

     -v.-                                        No. 07-5185-cv

ASHLAND OIL, INC., ASHLAND, INC.,
          *Defendants-Appellees.*

_____

                    DIANE PAOLICELLI (Nancy A. Perry, *on the brief*), Levy
                    Phillips & Konigsberg, LLP, New York, New York, *for*
                    Plaintiff-Appellant.

                    THOMAS E. REIDY (Scott R. Jennette, *on the brief*),
                    Ward Norris Heller & Reidy LLP, Rochester, New York,
                    *for* Defendants-Appellees.

_____

[*] The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The Clerk has designated, by random selection, the Honorable Reena Raggi to replace her. *See* Local Rule 0.14(2).

1

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Joan Nelson appeals from a grant of summary judgment in favor of Defendants-Appellees Ashland Oil, Inc. and Ashland, Inc. (collectively "Ashland") by the United States District Court for the Southern District of New York (Brieant, *J.*), entered November 6, 2007. Plaintiff argues that she presented sufficient evidence to raise a genuine issue as to whether her husband, John Nelson ("Nelson"), was exposed to, and injured by, benzene produced by Defendants. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews an order granting summary judgment *de novo* and focuses on whether the district court properly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

Defendants are entitled to summary judgment in this case because Plaintiff has presented no evidence demonstrating that Defendants produced the benzene to which Nelson was exposed. *See Healey v. Firestone Tire & Rubber Co.*, 87 N.Y.2d 596, 601 (1996) (reiterating "the general rule that one of the necessary elements plaintiff in a strict products liability cause of action must establish by competent proof is that it was the defendant who manufactured and placed in the stream of commerce the injury-causing

defective product"); *see also D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (in order to defeat summary judgment the "non-moving party may not rely on mere conclusory allegations nor speculation"). Plaintiff's claim that Nelson's cancer was caused by exposure to Ashland-produced benzene while working for Kaye-Fries Chemicals, Inc. from 1961 to 1963 depends on Walter Luther's observations of used Ashland benzene drums on the Kaye-Fries premises when Luther started work in 1964. Luther testified the drums that he observed may have been on the premises for up to two years prior to his employment at Kaye-Fries, thereby placing the drums at Kaye-Fries at the time of Nelson's employment.

Nelson testified that he worked with drums of benzene—whose supplier he did not know—with one opening on the top and one opening on the side, specifically recalling that the side opening was used to refill the drums. Luther, however, stated that all of the drums that he observed, which were marked "Ashland," had openings only on the top and had no openings on the sides. Luther's testimony was the only evidence presented by Plaintiff that purported to establish that Ashland-produced benzene was present at Kaye-Fries at the time of Nelson's employment. Neither George Bitler nor Robert Bradshaw, two other witnesses on which Plaintiff relies to establish the presence of Ashland-produced Benzene at Kaye-Fries during the relevant period, was able to state with any degree of certainty that Ashland's benzene was present at Kaye-Fries from 1961 to 1963.

Drawing all reasonable inferences in favor of Plaintiff, but noting also the limited nature of Luther's assertion, which was only that the drums he saw may have been there for up to two years, the differences between the drums described by Nelson and those

described by Luther deprive the Plaintiff of any evidence that Ashland-produced benzene was present at the Kaye-Fries plant at the time of Nelson's employment, and, therefore, deprives Plaintiff of any evidence that it was Ashland-produced benzene to which Nelson was exposed. In the absence of other evidence linking Ashland's benzene to Nelson's injuries, the district court properly granted Defendants' motion for summary judgment. *See Healey*, 87 N.Y.2d at 601.

We have carefully considered all of Plaintiff's other arguments and found them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk